IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| OptoLum, Inc., | No. CV-16-03828-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Cree, Inc., | |
| Defendant. | |

OptoLum and Cree manufacture and sell LED lights. At issue in this case is technology used inside LED lightbulbs allowing them to have the look and feel of traditional incandescent bulbs while also having energy efficiency, a long useful life, and a relatively low cost. OptoLum claims to be the inventor of this technology and alleges that Cree has misappropriated the reputation to which OptoLum is entitled and infringes on OptuLum's patents. OptoLum filed suit against Cree in November 2016. (Doc. 1.) The amended complaint asserts a false advertising under the Lanham Act, an unjust enrichment claim, and two patent infringement claims. (Doc. 32.)

Before the Court are Cree's motion to transfer and motion to dismiss counts one and two. (Docs. 22, 24.) The motions are fully briefed. (Docs. 31, 35, 41, 42.) For reasons stated below, the motion to transfer is denied and the motion to dismiss is granted.[1]

---

[1] OptoLum's request for oral argument is denied because the issues are adequately briefed and oral argument will not aid the Court's decision. *See* LRCiv 7.2(f).

**I. The Motion to Transfer**

OptoLum is based out of Tempe, Arizona and chose to file suit in this District. Cree contends that the case should be transferred to the Middle District of North Carolina pursuant to the change of venue statute, 28 U.S.C. § 1404, because Cree's facilities and records are in North Carolina, several potential witnesses reside there, and the case has little connection to Arizona. (Doc. 22 at 1-2.) Section 1404(a) provides that a court may transfer an action to any other district where it might have been brought for the "convenience of the parties and witnesses, in the interest of justice[.]"

There is no dispute that this action could have been brought in North Carolina. The Court therefore must determine whether transfer is warranted for the convenience of the parties and witnesses and in the interest of justice. The Court has broad discretion in making this determination "according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). In *Jones*, the Ninth Circuit provided a list of non-exclusive factors to consider: (1) the location where relevant agreements were negotiated and executed, (2) the state most familiar with governing law, (3) the plaintiff's choice of forum, (4) the parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action, (6) differences in cost to litigate in each forum, (7) the availability of compulsory process to compel witness attendance, and (8) the ease of access to sources of proof. *Id.* at 498-99. Cree bears the burden of showing that a transfer is warranted. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

Having carefully considered the relevant factors, the Court finds that Cree has not met its burden. Cree asserts that North Carolina is a more convenient place for it to litigate because its products, documents, and witnesses are located there and this action has only minimal contacts with Arizona. (Doc. 22 at 9-10.) But these are insufficient reasons to transfer the case given that a transfer would merely shift inconvenience from Cree to OptoLum. This Circuit has made clear that a transfer is inappropriate under § 1404(a) if it "would merely shift rather than eliminate the inconvenience." *Decker*

- 2 -

Case 1:17-cv-00687-WO-JLW   Document 49   Filed 03/21/17   Page 2 of 14

*Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

It undoubtedly would be more burdensome for Cree to litigate in Arizona than in North Carolina, where Cree has its principal place of business. Nevertheless, "with the advances in transportation and telecommunications and the increasing interstate practice of law, any burden is substantially less than in days past." *CE Distribution, LLC v. New Censor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004). Moreover, given the growth of "electronic communication and document production, discovery costs should be about the same in either forum." *Roth v. Adtran, Inc.*, No. CV-13-1735-PHX-DGC, 2013 WL 6058294, at *3 (D. Ariz. Nov. 18, 2013). Cree is a multi-million dollar company with employees and offices throughout the world. The burden it might suffer litigating in Arizona is not heavy enough to overcome the "great weight" accorded to OptoLum's choice of forum. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

The federal Lanham Act and patent law claims asserted by OptoLum would be equally familiar to district courts in both Arizona and North Carolina, but Cree has not shown that the court in North Carolina is more familiar with Arizona law governing the unjust enrichment claim. Furthermore, "Arizona has a strong interest in ensuring that its citizens are compensated for their injuries." *Roth*, 2013 WL 6058294, at *3 (citing *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1193 (9th Cir. 2002)).

Courts do not lightly disturb a plaintiff's choice of forum, particularly where, as here, the forum chosen is the plaintiff's domicile. *L.A. Mem'l Coliseum v. NFL*, 89 F.R.D. 497, 499-500 (C.D. Cal. 1981). Indeed, when "the home forum has been chosen, it is reasonable to assume that this choice is convenient." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). The motion to transfer is denied because Cree has not made a "strong showing of inconvenience to warrant upsetting [OptoLum's] choice of forum," *Decker Coal*, 805 F.2d at 843, or that a change of venue otherwise is in the interest of justice.

## II. The Motion to Dismiss

Cree moves to dismiss the Lanham Act and unjust enrichment claims pursuant to

Federal Rule of Civil Procedure 12(b)(6). A successful Rule 12(b)(6) motion must show that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support such a theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss only where it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### A. The Lanham Act Claim for False Advertising (Count One)

OptoLum purports to assert a false advertising claim under Lanham Act § 43(a), 15 U.S.C. 1125(a), in count one of the amended complaint. (Doc. 32 ¶¶ 192-97.) Section 43(a) creates a federal remedy against a person who, in connection with any goods, uses in commerce a "false designation of origin, false or misleading description of fact, or false or misleading representation of fact" that is likely to cause confusion as to the origin of the goods, 15 U.S.C. § 1125(a)(1)(A), or misrepresents the nature, characteristics, or qualities of the goods, § 1125(a)(1)(B). The elements of a false advertising claim are: (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product, (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience, (3) the deception is material, in that it is likely to influence the purchasing decision, (4) the defendant caused its false statement to enter interstate commerce, and (5) the plaintiff has been or is likely to be injured as a result of the false statement. *Southland Sod Farms. v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

OptoLum alleges that various statements Cree made are false and mislead consumers into believing that Cree, rather than OptoLum, invented the technology inside LED bulbs that allows them to produce omnidirectional light like traditional incandescent

bulbs while also having energy efficiency, a long useful life, and a low cost. (Doc. 32 ¶¶ 13-21, 122-25, 171-86.) Specifically, OptoLum alleges that the following statements constitute false advertising under § 43(a):

- The "Cree Filament Tower™ Technology" is "the genius idea inside" the Cree LED bulb (*Id.* ¶¶ 17, 124);

- Cree "found a way to put the LEDs in the center of the bulb like a traditional light bulb" and "we're making an LED but we are actually inventing all the technology in between" (¶ 174);

- "[O]ne of the technical breakthroughs that enabled Cree to break the $10 threshold is our new Cree Filament Tower™ Technology. The Filament Tower™ is the Cree innovation that lets our LED bulb replicate the look and feel of filament based traditional lights" (¶ 175);

- "[Cree] engineers came up with a very elegant solution to the design issues inherent in LED bulbs. In a compact form, the Filament Tower produced the light dispersion we wanted without problematic heat building" (¶ 176);

- "[I]nventing the LED technology that delivers like an incandescent was hard work, but designing a bulb in a form-factor that consumers trust at a price they can afford was even harder. Designed with Cree LED Filament Tower Technology, the Cree LED bulb represents a breakthrough in LED bulb design and performance" (¶ 177);

- "[Cree] invented the lighting-class LED" (¶ 178); and

- Using in commerce the common law trademarks "Filament Tower™" and "Filament Tower™ Technology" (¶¶ 180-81).

Cree argues that the statements are nothing more than mere puffery and any claims to inventorship are not actionable under § 43(a). (Doc. 24 at 8-10.) The Court agrees.

### 1. § 43(a)(1)(B): The Nature, Characteristics, and Qualities of Goods

Statements concerning the nature, characteristics, and qualities of goods are governed by Lanham Act § 43(a)(1)(B). This section renders actionable only non-puffing "statements of fact capable of being proved false." *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999). "'Puffing' is exaggerated

advertising, blustering, and boasting upon which no reasonable buyer would rely and is not actionable under § 43(a)." *Southland Sod Farms*, 108 F.3d at 1145. Although misrepresentations about absolute characteristics of a product are actionable, statements about the product "that are vague or highly subjective often amount to nonactionable puffery[.]" *Id.*

The determination "whether an alleged misrepresentation 'is a statement of fact' or is instead 'mere puffery' is a legal question that may be resolved on a Rule 12(b)(6) motion[.]" *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008); *see Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 245 (9th Cir. 1990) (a court may determine puffery as a matter of law). As explained below, the Court finds the representations made by Cree about its LED technology and lightbulbs are not provable statements of fact but rather "general, vague and unspecified assertions, constituting mere 'puffery' upon which a reasonable consumer could not rely." *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 352 F.3d 367, 379 (9th Cir. 2003).

Cree's assertion that its Filament Tower Technology was a "genius idea" is the epitome of puffing. The statement is purely subjective and "precisely the type of generalized boasting upon which no reasonable buyer would rely." *Southland Sod Farms*, 108 F.3d at 1145. Similarly, statements of "innovation" and technological "breakthroughs" are "not specific, not concrete, not measurable, and therefore puffery." *Rosenthal Collins Group, LLC v. Trading Techs. Int'l, Inc.*, No. 05 C 4088, 2005 WL 3557947, at *10 (N.D. Ill. Dec. 26, 2005); *see Soilworks, LLC v. Midwest Indus. Supply, Inc.*, 575 F. Supp. 2d 1118, 1133 (D. Ariz. 2008) (claiming that a product resulted from "state-of-the art innovation" was mere puffery); *Loggerhead Tools, LLC v. Sears Holdings Corp.*, No. 12-cv-9033, at *4 (N.D. Ill. Sept. 2016) (citing cases finding the term "innovative" to be puffery); *In re iPhone 4S Consumer Litig.*, No. C 12-1127 CW, 2014 WL 589388, at *6 (N.D. Cal. Feb. 14, 2014) (describing Siri as a "breakthrough" and "intelligent" product constituted puffery); *Tomek v. Apple, Inc.*,

No. 11-cv-02700-MCE, 2012 WL 2857035, at *4 (E.D. Cal July 11, 2012) (statements that the MacBook Pro is a "breakthrough" that provides "huge leaps in performance" were puffery).

The Court further finds Cree's statement that it came up with a "very elegant solution" to LED design problems sufficiently imprecise to constitute puffery. The same is true with respect to Cree's assertion that its LED bulbs have the "look and feel" of traditional lights, and its boasting about the bulbs' "long useful life" and "energy efficiency and low cost." *See Newcal Indus.*, 513 F.3d at 1053 (assertion regarding "low cost and flexibility" was mere puffery); *Smith-Victor Corp. v. Sylvania Elec. Products, Inc.*, 242 F. Supp. 302, 308 (N.D. Ill. 1965) (statement that a lightbulb was "far brighter than any lamp ever before offered" constituted puffery).

In summary, OptoLum has failed to allege that Cree made a false or misleading statement of *provable fact* regarding the nature, characteristics, or qualities of its LED bulbs. Thus, OptoLum has failed to state a plausible claim to relief for false advertising under Lanham Act § 43(a)(1)(B).

### 2. § 43(a)(1)(A): The Origin of Goods

Statements concerning the origin, sponsorship, or approval of goods are governed by Lanham Act § 43(a)(1)(A). The amended complaint does not specify whether the false advertising claim is brought under § 43(a)(1)(A) or (B). In its response, however, OptoLum contends that Cree's statements were misleading because the claimed ingenuity, innovation, and technological breakthroughs resulted in the "Cree Filament Tower™ Technology," which purportedly was invented by OptoLum's founder, Joel Dry, many years earlier. (Doc. 31 at 8.) OptoLum alleges that using the trademarks "Filament Tower" and "Filament Tower Technology" in conjunction with the Cree company name falsely implies that Cree created the technology embodied in the Filament Tower and these misleading claims to inventorship are likely to deceive consumers. (Doc. 32 ¶¶ 179-83.) In short, it appears that the gravamen of OptoLum's claim is that, in marketing and selling LED bulbs with the Filament Tower Technology inside without

1   attributing inventorship to Dry or OptoLum, Cree has made a false designation of origin
2   or representation of fact that is likely to cause consumer confusion as to the origin of
3   Cree's goods.

4   But as used in § 43(a), the phrase "origin of goods" is "incapable of connoting the person or entity that *originated the ideas . . . that 'goods' embody or contain.*" *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 US. 23, 32 (2003) (emphasis added). Instead, the most natural understanding of the "origin of goods," and the one used for purposes of the Lanham Act, is the actual source of the wares – that is, "the producer of the tangible product sold in the marketplace." *Id.* Here, there is no dispute that Cree produced the Cree LED bulbs and Filament Tower Technology at issue in this case.

11  OptoLum's claim undoubtedly would have merit if Cree had bought some of OptoLum's LED bulbs and simply repackaged them as its own. Cree's alleged wrongdoing, however, is vastly different: it claims to have *invented* the Filament Tower Technology inside its LED bulbs. But "[t]he consumer who buys a branded product does not automatically assume that the brand-name company is the same entity that came up with the idea for the product, or designed the product – and typically does not care whether it is. The words of the Lanham Act should not be stretched to cover matters that are typically of no consequence to purchasers." *Id.* at 32-33.

19  OptoLum does not allege that someone other than Cree produces the Filament Tower inside Cree's LED bulbs, but contends instead that Cree falsely implies that it invented the Filament Tower Technology. As noted above, however, *Dastar* made clear that the phrase "origin of goods" in the Lanham Act refers "to the producer of the tangible goods that are offered for sale and not to the author of any idea, concept, or communication embodied in those goods." *Id.* at 37. Thus, "it is apparent that *Dastar* does not permit [OptoLum] to claim false advertising under [§] 43(a)." *Baden Sports, Inc. v. Molten USA, Inc.*, 556 F.3d 1300, 1306 (Fed. Cir. 2009). A contrary holding – that is, a finding that false claims to inventorship are actionable under § 43(a) – impermissibly "could create overlap between the Lanham and Patent Acts." *Id.* at 1307.

In summary, "Section 43(a) of the Lanham Act does not create liability from [Cree's] advertisements because those advertisements do not concern the 'origin of goods,' to which [§] 43(a)(1)(A) is directed, nor do they concern the 'nature, characteristics, [or] qualities' of the goods, which is what Ninth Circuit law has interpreted [§] 43(a)(1)(B) to address." *Id.* at 1305 (applying *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1144 (9th Cir. 2008)). Because OptoLum has not alleged facts sufficient to state a plausible claim to relief under § 43(a), the false advertising claim asserted in count one of the amended complaint is dismissed.[2]

### B. Unjust Enrichment (Count Two)

OptoLum asserts that there is significant value in being perceived by consumers as an innovator, inventor, and creator of groundbreaking technology. (Doc. 32 ¶ 193.) OptoLum alleges that it rightly has earned the reputation for inventing the technology enabling LED bulbs to have a long useful life and produce omnidirectional light like traditional incandescent bulbs. (¶ 194.) OptoLum claims that Cree has been unjustly enriched by misappropriating this reputation. (¶¶ 195-97.)

Cree argues that federal patent law preempts the unjust enrichment claim. (Doc. 24 at 14-17.) The Court agrees.

Federal patent law reflects the objectives of Congress, which include fostering and rewarding invention, promoting disclosure of inventions to stimulate further innovation, promoting the stringent requirements for patent protection to assure that ideas remain in the public domain, and promoting nationwide uniformity in patent law. *See Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 266 (1979); *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 162-63 (1989). "A state cause of action that frustrates these objectives is preempted." *Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1378 (Fed. Cir. 2005) (citing *Aronson*, 440 U.S. at 262; *Bonito Boats*, 489 U.S. at 156-57)).

---

[2] Given this conclusion, the Court need not address Cree's alternative arguments that OptoLum lacks standing to bring a Lanham Act claim and has failed to plead the claim with particularity. (Doc. 24 at 6-8, 10-12.)

- 9 -

"A claim of unjust enrichment under Arizona law has five elements: '(1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law.'" *Perez v. First Am. Title Ins. Co.*, 810 F. Supp. 2d 986, 991 (D. Ariz. 2011) (quoting *Freeman v. Sorchych*, 245 P.3d 927, 936 (Ariz. Ct. App. 2011)). Thus, a plaintiff must demonstrate that the defendant "'received a benefit, that by receipt of that benefit the defendant was unjustly enriched at the plaintiff's expense, and that the circumstances were such that in good conscience the defendant should provide compensation." *Id.*

The question raised by Cree's preemption argument is whether permitting the Court to entertain the specific unjust enrichment claim pled by OptoLum – seeking damages for Cree's alleged misappropriation of the reputation for being the inventor of LED technology – "'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress' and is thus preempted." *Ultra-Precision*, 411 F.3d at 1378 (citation omitted). At the heart of OptoLum's unjust enrichment claim is the issue of *who invented* "the technology that enabled LED bulbs to have a long useful life and produce omnidirectional light[.]" (Doc. 32 ¶ 193.) Indeed, OptoLum asserts in its response that "Cree was enriched at OptoLum's expense because it claimed its bulbs had new and novel features that were, in fact, *embodied in earlier prototypes built by Mr. Dry*." (Doc. 31 at 15 (emphasis added).) If Dry did not invent the LED technology at issue here, the unjust enrichment claim fails because Cree could not have unjustly appropriated from OptoLum the reputation for having invented the technology.

A claim arises under federal patent law where "'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, including that of inventorship[.]'" *Brown v. Frank*, No. 2CA-CV-2011-0039, 2011 WL 5137186, at *6 (Ariz. Ct. App. 2011) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988)). Here, resolution of OptoLum's unjust enrichment claim, as pled in the amended complaint, is based in part on a determination of inventorship.

- 10 -

Significantly, OptoLum does not claim the taking of a tangible object, but alleges instead that Cree has misappropriated the *reputation of having invented* LED technology. (Doc. 32 ¶¶ 93-96.)

Federal patent law, however, "preempts any state law that purports to define rights based on inventorship." *HIF Bio, Inc. v. Yung Shin Pharm. Indus. Co.*, 600 F.3d 1347, 1353 (Fed. Cir. 2010) (citation omitted). "A different state inventorship standard might grant property rights to an individual who would not qualify as an inventor under federal patent law, or might grant greater relief to inventors than is afforded by federal patent law.'" *Id.* Either outcome would "frustrate the dual federal objectives of rewarding inventors and supplying uniform national patent law standards." *Id.*

If OptoLum's unjust enrichment claim were available, "a would-be inventor need not satisfy any of the rigorous standards of patentability to secure a perpetual patent-like royalty under state law based on the use of an unpatented idea." *Ultra-Precision*, 411 F.3d at 1381. Because OptoLum's unjust enrichment claim depends on the determination that OptoLum, not Cree, invented the LED technology at issue here, the claim is preempted by federal patent law. *See id.* at 1381-82 (finding unjust enrichment claim to be preempted where the plaintiff had alleged no confidential relationship with the defendant and had disclosed information without attempting to negotiate terms of payment from the defendant); *Brown*, 2011 WL 5137186, at *6 (affirming dismissal of unjust enrichment claim alleging theft of an invention because at the core of the claim was a dispute over whether the plaintiff invented the product); *Core Wireless Licensing S.a.r.l. v. Apple Inc.*, No. 12-CV-100-JRG, 2015 WL 4775973, at *4 (E.D. Tex. Aug. 11, 2015) (finding unjust enrichment claim preempted by the federal Patent Act); *Wawrzynski v. H.J. Heinz Co.*, No. 11-cv-1098, 2014 WL 4662091, at *1 (W.D. Pa. Sept. 18, 2014) (granting summary judgment on unjust enrichment claim as preempted under federal patent law); *Auburn Univ. v. IBM Corp.*, No. 09-cv-694-WHA, 2009 WL 3757049, at *2-4 (Nov. 9, 2009) (dismissing unjust enrichment claim as preempted by

federal patent law).[3]

OptoLum's reliance on *Thompson v. Microsoft Corp.*, 471 F.3d 1288 (Fed. Cir. 2006), is misplaced. (Doc. 31 at 16, n.10.) In that case, the unjust enrichment claim was based on the allegation that the plaintiff had shared his technology with Microsoft in confidence and with the promise that Microsoft would not appropriate the technology for its own use. *Id.* at 1289-90. In response to Microsoft's preemption argument, the plaintiff made clear that inventorship was irrelevant to his unjust enrichment claim. *Id.* at 1292.

In this case, by contrast, OptoLum's unjust enrichment claim depends on resolution of the inventorship issue. OptoLum affirmative alleges that it was "Dry who, many years before Cree, created an energy-efficient LED bulb with the structure that Cree calls the Cree Filament Tower™ or the 'genius' of its LED bulb . . . and whose patented design for *his invention* the Cree Filament Tower™ infringes." (Doc. 32 ¶ 20 (emphasis added).) It is the reputation for this invention that Cree allegedly has misappropriated at the expense of OptoLum. (*Id.* ¶¶ 21, 193-97.)

Moreover, unlike the plaintiff in *Thompson*, OptoLum does not allege that it shared the LED technology in confidence and with the understanding that Cree would not appropriate the technology, which might support an equitable unjust enrichment claim if no formal contract existed between the parties. *See Idearc Media, LLC v. Palmisano & Assocs., P.C.*, No. CV-09-02147-PHX-JAT, 2013 WL 4774772, at *2 (D. Ariz. Sept. 5, 2013) (noting that under Arizona law "unjust enrichment is an alternate theory of liability to a breach of contract claim"). Rather, OptoLum alleges that it openly demonstrated its LED bulbs "at lighting conference throughout the world" and that "the participants were

---

[3]It is worth noting that, consistent with the finding above, claims for unjust enrichment that involve the issue of authorship are preempted by federal copyright law. *See McArdle v. Mattel Inc.*, 456 F. Supp. 2d 769, 779 & n.7 (E.D. Tex. 2006) (finding author's unjust enrichment claim to be preempted by federal copyright law because the claim is an equitable, quasi-contractual claim that exists where there is no express contract); *Tavormina v. Evening Star Productions, Inc.*, 10 F. Supp. 2d 729, 734 (S.D. Tex. 1998) (claim for unjust enrichment was preempted because it involved the same conduct that would fall under the scope of the Copyright Act).

- 12 -

very much aware of what others in the community – including Mr. Dry and OptoLum – were doing." (Doc. 32 ¶¶ 98-99.) OptoLum even "distributed various written materials at these conferences that explained in detail how Mr. Dry's innovative bulb . . . worked[.]" (*Id.* ¶ 100.) Based on OptoLum's own allegations, it is clear that it did not have a confidential or quasi-contractual relationship with Cree regarding the Filament Tower Technology.

In summary, federal patent law preempts state law unjust enrichment claims seeking to recover damages for use of public domain information or claiming to be the inventor of a product. *See Ultra-Precision*, 411 F.3d at 1377-78. The unjust enrichment claim asserted in count two therefore is dismissed.[4]

**III. The Motions to Seal and Strike**

OptoLum has filed a motion to seal its response to Cree's motion to transfer. (Docs. 34, 35). "[A] party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). OptoLum's motion is granted because the Court finds compelling reasons to seal its response brief.

OptoLum also has filed a motion to strike or seal Cree's reply brief and a motion to seal the motion to strike or seal. (Docs. 43, 44.) The latter motion is granted. The reasons asserted by OptoLum to seal Cree's reply brief, however, are neither compelling nor sufficient to outweigh the public right of access to judicial records. The motion to strike or seal is denied.

**IT IS ORDERED** that Defendant Cree, Inc.'s motion to transfer venue (Doc. 22) is **DENIED** and its motion to dismiss counts one and two (Doc. 24) is **GRANTED**.

---

[4] Given this ruling, the Court need not consider Cree's argument that the unjust enrichment claim is based on allegations of fraudulent conduct and barred by the three-year statute of limitations set forth in A.R.S. § 12-543(3). (Doc. 24 at 12-14.)

- 13 -

**IT IS FURTHER ORDERED** that Plaintiff OptoLum Inc.'s motion to seal its response brief (Doc. 34) and motion to seal its motion to strike or seal (Doc. 43) are **GRANTED** and the Clerk is directed to file under seal the lodged response (Doc. 35) and motion (Doc. 44).

**IT IS FURTHER ORDERED** that Plaintiff OptoLum's motion to strike or seal Cree's reply brief (Doc. 44) is **DENIED**.

Dated this 21st day of March, 2017.

Douglas L. Rayes
United States District Judge