**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| OptoLum, Inc., | No. CV-16-03828-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Cree, Inc., | |
| Defendant. | |

Before the Court are Cree's motion for leave to amend its answer and motion to dismiss or transfer for improper venue. (Docs. 72, 73.) The motions are fully briefed. (Docs. 77-82.) Neither side has requested oral argument. For reasons stated below, the motions are granted and the case is transferred to the Middle District of North Carolina.

**I. Background**

OptoLum and Cree manufacture and sell LED lights. At issue in this case is technology used inside LED lightbulbs allowing them to have the look and feel of traditional incandescent bulbs while also having energy efficiency, a long useful life, and a relatively low cost. OptoLum claims to be the inventor of this technology and alleges that Cree infringes on its patents and misappropriated its reputation as inventor.

OptoLum's amended complaint asserted claims for false advertising, unjust enrichment, and patent infringement. (Doc. 32.) Cree moved to transfer the case to North Carolina, where Cree is located, for the convenience of the parties and witnesses

pursuant to 28 U.S.C. § 1404, and moved to dismiss the false advertising and unjust enrichment claims for failure to state a claim for relief under Rule 12(b)(6). (Docs. 22, 24). On March 21, 2017, the Court denied the transfer request but granted the Rule 12(b)(6) motion. (Docs. 22, 49.) One month later, Cree filed an answer admitting that venue is proper. (Doc. 60 ¶ 33.)

On June 2, Cree filed the present motion to amend its answer to deny that venue is proper pursuant to Rule 15(a)(2) and the motion to dismiss for improper venue pursuant to Rule 12(b)(3). OptoLum contends that Cree waived the defense of improper venue by omitting the defense from its answer and initial motion to dismiss. Cree argues that the defense has not been waived because it was not available until the Supreme Court issued its recent decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), which made clear that a corporation "resides" only in its State of incorporation for purposes of the patent venue statute. The Court agrees with Cree and therefore grants leave to amend and transfers this case to its proper venue in North Carolina.

**II. Motion for Leave to Amend Answer**

Cree seeks leave to amend its answer pursuant to Rule 15(a)(2), which generally requires the Court to "freely give leave when justice so requires." As noted above, however, Cree admitted in its answer that venue is proper and did not seek dismissal for improper venue under Rule 12(b)(3) when it filed its initial motion to dismiss. Thus, to the extent this defense was available to Cree when it filed the motion to dismiss and answer, the defense has been waived pursuant to Rule 12 because it was not included in the motion, the answer, or an amendment allowed as a matter of course under Rule 15(a)(1).

**A. Waiver of Defenses and Amendment of Pleadings Under Rules 12 and 15**

"Rule 12(g) operates in conjunction with Rule 12(h) to require that all defenses permitted to be raised by motion, which are then available, must be included in the same motion[.]" *Bromfield v. McBurney*, No. C07-5226RBL-KLS, 2009 WL 674517, at *5

(W.D. Wash. Mar. 12, 2009). Specifically, Rule 12(g) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Rule 12(h) further provides that a party waives any defense listed in Rule 12(b)(2)-(5) by "omitting it from a motion in the circumstances described in Rule 12(g)(2)" or by failing to "include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h)(1)(A)-(B).

In other words, a defendant "who does not initially raise certain [available] defenses – lack of personal jurisdiction, improper venue, improper process, and improper service of process – cannot invoke those defenses later on." *Paleteria La Michoacana v. Producto Lacteos*, 905 F. Supp. 2d 189, 192 (D.D.C. 2012). Although Rule 15(a)(2) provides for liberal amendment of pleadings, the language of Rule 12(h) establishes that this amendment procedure is not available to raise the defense of improper venue under Rule 12(b)(3) (or the other defenses listed above) if the defense was available to the party at the time it filed the initial pleading. *See id.*; *Bromfield*, 2009 WL 674517, at *5. Thus, in order to decide whether to grant Cree leave to amend to deny venue is proper, the Court must first determine whether the venue defense was available to Cree when it filed its answer and initial motion to dismiss.

### B. Venue in Patent Cases: *TC Heartland*, *VE Holding*, and *Fourco*

Cree argues that it did not waive the defense of improper venue because the defense was not available to it before the Supreme Court's decision in *TC Heartland* on May 22, 2017. A host of district court cases, many cited by OptoLum in opposition to Cree's motion, have concluded that *TC Heartland* did not constitute an intervening change in law sufficient to qualify as an exception to the waiver doctrine.[1] The Court

---

[1] *See Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15cv21, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017); *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, 2:15-CV-00037-RWS-RSP, 2017 WL 2651618, at *20 (E.D. Tex. June 20, 2017); *iLife Techs., Inc. v. Nintendo of Am., Inc.*, No. 3:13-cv-04987, 2017 WL 2778006, at *5-7 (N.D. Tex. June 27, 2017); *The Chamberlain Grp., Inc. v. Techtronic Indus. Co.*, No. 16-C-6097 (N.D. Ill. June 28, 2017); *Amax, Inc. v. ACCO Brands Corp.*, No. 16-10695-NMG, 2017 WL 2818986, at *2-3 (D. Mass. June 29, 2017); *Infogation Corp. v. HTC*

- 3 -

does not agree with those decisions, finding instead that *TC Heartland* affected a "sea change" in the law of venue for patent cases. *Westech Aerosol Corp. v. 3M Co.*, No. C17-5067-RBL, 2017 WL 2671297, at *2 (W.D. Wash. June 21, 2017).

*TC Heartland* affirmed the Supreme Court's 1957 decision in *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 226 (1957), and reversed the Federal Circuit's 1990 decision in *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (1990), by clarifying that the patent venue statute, 28 U.S.C. § 1400(b), not the general venue statute, 28 U.S.C. § 1391(c), defines where a domestic corporation "resides" for purposes of patent infringement litigation. In *Fourco*, the Supreme Court held that § 1400(b) was the sole and exclusive provision controlling venue in patent infringement actions, and that it was not to be supplemented by the general venue provisions of § 1391(c). 353 U.S. at 229. In 1988, however, Congress amended § 1391(c) to provide that "[f]or purposes of venue under this chapter," a defendant corporation shall be deemed "to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Two years later, the Federal Circuit in *VE Holding* held that the newly added phrase "[f]or purposes of venue under this chapter" was "exact and classic language of incorporation" and § 1391(c), as amended, therefore established the definition for all other venue statutes, including § 1400(b): "On its face, § 1391(c) clearly applies to § 1400(b), and thus redefines the meaning of the term 'resides' in that section." 917 F.2d at 1578-80. *VE Holding* remained good law for nearly 30 years until it was abrogated by *TC Heartland* two months ago.

### C. Cree Did Not Waive the Venue Defense

Many of the district court cases finding waiver of the venue defense have premised their rulings on the notion that circuit courts have no authority to "overrule" the Supreme Court, and therefore *Fourco* has always governed venue in patent cases despite

---

*Corp.*, No. 16-cv-01902, 2017 WL 2869717, at *4 (S.D. Cal. July 5, 2017); *Navico, Inc. v. Garmin Int'l, Inc.*, No. 2:16-CV-190, 2017 WL 2957882, at *2-3 (E.D. Tex. July 11, 2017); *Reebok Int'l Ltd. v. TRB Acquisitions LLC*, No. 3:16-cv-1618-SI, 2017 WL 3016034, at *3 (D. Or. July 14, 2017).

- 4 -

*VE Holding*. But these cases fail to explain why, if *Fourco* remained controlling, courts throughout the country consistently applied *VE Holding* in patent litigation for nearly 30 years.

The district court in *Cobalt Boats* noted that "[t]he Supreme Court has never overruled *Fourco*, and the Federal Circuit cannot overrule binding Supreme Court precedent." 2017 WL 2556679, at *3. But *VE Holding* did no such thing. Rather, when faced with a recent congressional amendment to the general venue statute, *VE Holding* sought to interpret Congress' intent:

> The issue, then, is not whether the prior cases, including Supreme Court cases, determined that under different statutory language Congress' intent was that § 1400(b) stood alone. The issue is, what, as a matter of first impression, should we conclude the Congress *now* intends by this new language in the venue act.

917 F.2d at 1579.

In short, *VE Holding* did not purport to "overrule" *Fourco*, but instead determined whether Congress intended to do so when it amended § 1391(c). As the Supreme Court explained in *TC Heartland*, the Federal Circuit concluded in *VE Holding* that "subsequent statutory amendments had effectively amended § 1400(b) as construed in *Fourco*, with the result that § 1391(c) now supplies the definition of 'resides' in § 1400(b)." 137 S. Ct. at 1517. The Supreme Court made clear that "the only question [it] must answer is whether Congress changed the meaning of § 1400(b) when it amended § 1391" – the same issue *VE Holding* addressed 27 years earlier. *Id.* at 1520. The Supreme Court disagreed with *VE Holding* in this regard, but it did not do so on the ground that *VE Holding* had improperly "overruled" *Fourco*.[2]

Contrary to Optolum's assertion, *TC Heartland* changed the venue landscape just

---

[2] *VE Holding* was not the only court to determine that the amendment to § 1391(c) had the effect of redefining corporate residence for purposes of § 1400(b). In *Regents of University of California v. Eli Lilly & Co.*, 734 F. Supp. 911, 913 (N.D. Cal. 1990), the district court found that it was reasonable to conclude that Congress recognized its amendment to § 1391(c) would essentially overturn *Fourco* because Congress is presumed to legislate with knowledge of judicial precedent.

- 5 -

as *VE Holding* had done 27 years earlier. Indeed, the Supreme Court recognized that following its decision in *Fourco* in 1957, the venue "landscape remained *unchanged until 1988*, when Congress amended the general venue statute, § 1391(c)[.]" *TC Heartland*, 137 S. Ct. at 1519 (emphasis added). The Court further noted that following *VE Holding* in 1990, "no *new developments occurred*" until Congress adopted the current version of § 1391 in 2011." *Id.* (emphasis added). Thus, the Supreme Court itself acknowledged that the venue landscape has changed and developed since its decision 60 years ago in *Fourco*, including when *VE Holding* "announced its view" of the effect of Congress' amendment of § 1391(c) on the patent venue statute. *Id.* Moreover, even after the amendments to § 1391 in 2011, courts throughout the country continued to apply *VE Holdings* and declined to hold that it was no longer "good law." *Telesign Corp. v. Twilio, Inc.*, No. CV 15-3240 PSG, 2015 WL 12765482, at *5 (C.D. Cal. Oct. 16, 2015) (collecting cases). This, of course, changed dramatically after *TC Heartland*.

It is worth noting that even Congress has recognized that *VE Holding*, for better or worse, was the prevailing law that bound lower courts and litigants alike. In 2008, the Senate explained that *VE Holding*'s "change in the law" brought with it significant changes in litigation tactics and forum shopping. S. Rep. No. 110-259, at 25 (2008). In 2015, the House of Representatives stated that Congress "must correct" the "infamous decision in *VE Holding*" and "restore § 1400 to its role of protecting patent owners and accused infringers from the burden of being forced to litigate in remote locations." H.R. Rep. No. 114-235, at 34 (2015). If *VE Holding* affected a significant change in law in 1990 – as Congress lamented about in its legislative reports – its reversal in *TC Heartland* more than two decades later likewise constituted an intervening change in the law.

The Court agrees with Cree and the district court in *Westech* that "*TC Heartland* changed the venue landscape." 2017 WL 2671297, at *2. "For the first time in 27 years, a defendant may argue credibly that venue is improper in a judicial district where it is subject to the court's personal jurisdiction but where it is not incorporated and has no

- 6 -

Case 1:17-cv-00687-WO-JLW    Document 90    Filed 07/24/17    Page 6 of 12

regular and established place of business." *Id.* "There is little doubt that the Court's decision in *TC Heartland* . . . was a change in the law of venue[.]" *In re Sea Ray Boats, Inc.*, No. 2017-124, 2017 WL 2577399, at *1 (Fed. Cir. June 9, 2017) (Newman, J., dissenting). Cree therefore did not waive the defense of improper venue by omitting the defense from its initial pleading and motion to dismiss. *See Westech*, 2017 WL 2671297, at *2.

OptoLum argues, and several district courts have found, that the defense of improper venue has always been available because other patent defendants would have "ultimately succeeded in convincing the Supreme Court to reaffirm *Fourco*, just as the petitioner in *TC Heartland* did." *Elbit Sys.*, 2017 WL 2651618, at *20; *see Cobalt Boats*, 2017 WL 2556679, at *3; *iLife Techs.*, 2017 WL 2778006, at *7; *Reebok Int'l*, 2017 WL 3016034, at *3. But this would have taken some convincing, and until *TC Heartland*, no defendant succeeded in doing so in the 27 years following *VE Holding*. To suggest that the defense of improper venue has always been available, and that *TC Heartland* did not effect a change in the law "because it merely affirms the viability of *Fourco*[,]" *Cobalt Boats*, 2017 WL 2556679, at *3, ignores the significant impact of *VE Holding* and the patent bar's reliance on the case for nearly three decades.

The district court in *iLife Technologies* concluded that *Fourco* has consistently remained good law because, "except where congressional abrogation of a Supreme Court decision is express, only the Supreme Court may overrule one of its precedents[.]" 2017 WL 2778006, at *7. But even if this were true, it does not change the fact that before *TC Heartland*, the intervening 27 years created reliance on *VE Holdings* by numerous litigants, including Cree. *See id.* The district courts in *iLife Technologies* and *Elbit Systems* found that this reliance – even if reasonable – does not change the "harsh reality" that any party could have ultimately succeeded in challenging *VE Holding*. 2017 WL 2651618, at *20; 2017 WL 2778006, at *7.

The Court does not agree that Cree should suffer such a "harsh reality" in this case. Because *VE Holding* was binding on lower courts, any motion by Cree to dismiss

- 7 -

for improper venue before *TC Heartland* likely would have been opposed by OptoLum and certainly would have been deemed meritless by the Court. *See Elbit Sys.*, 2017 WL 2651618, at *20. Cree, of course, could have incurred the time and expense of appealing to the Federal Circuit and losing, *see In re TC Heartland*, 821 F.3d 1338 (Fed. Cir. 2016), and then filing a petition with the Supreme Court in the hope that it would grant certiorari and reverse *VE Holding*. But the Court does not find that this potentially lengthy and expensive litigation strategy, with the mere possibility that *VE Holding* might be overturned, rendered the defense of improper venue "available" to Cree when it filed its answer and initial motion to dismiss.

In *Reebok International*, the district court found that a defense is unavailable if its legal basis did not exist at the time of the answer or motion "so that it was for all practical purposes impossible for the defendants to interpose their defense." 2017 WL 3016034, at *3 (quoting *Gilmore v. Palestinian Interim Self-Gov't Auth.*, 8 F. Supp. 3d 9, 13 (D.D.C. 2014)). For reasons explained above, the Court finds that it was not, "for all practical purposes," possible for Cree to assert the defense of improper venue in light of the binding nature of *VE Holding* and its presence on the venue landscape for the past few decades. The Court so finds even though certain patent defendants in other cases chose to raise the defense in light of the ongoing litigation in *TC Heartland*. (*See* Doc. 82 at 2-3 n.3.) As explained above, the Court either would have denied a motion to dismiss by Cree as unfounded based on *VE Holding* or stayed its ruling pending a decision in *TC Heartland*. OptoLum asserts no unfair prejudice from Cree now raising the venue defense after *TC Heartland* was decided.

The purpose of Rules 12(g) and (h) is to "require consolidation of defenses and thus discourage delay and dilatory tactics." *Gundy v. Cal. Dep't of Corr.*, No. 1:12-cv-0120-LJO-MJS, 2013 WL 522789, at *6 (E.D. Cal. Feb. 11, 2013). The Court finds no intentional delay on the part of Cree, as it filed its motions to amend and dismiss less than two weeks after *TC Heartland* was decided. Moreover, the rules of civil procedure – including Rules 12(g) and (h) – are to be construed and employed to "secure the just,

speedy, and inexpensive determination of every action[.]" Fed. R. Civ. P. 1. Civil litigation in federal court "is not a game of 'gotcha.'" *Loomis v. City of Puyallup Police Dep't*, No. C02-5417-RJB, 2005 WL 1036445, at *8 (W.D. Wash. May 3, 2005). The Court finds that deeming Cree to have waived the defense of improper venue under the specific circumstances of this case would be inconsistent with both the language and spirit of the rules of procedure and not otherwise in the interest of justice. *See Westech*, 2017 WL 2671297, at *2.

The procedural posture of this case is closer to *Westech* than the host of cases finding waiver. In each of those cases, the defendant sought to raise the venue defense late in the litigation. Indeed, the defendant in *Cobalt* challenged venue only a few weeks before trial. 2017 WL 2556679, at *2. The court explicitly denied "any postponement of the trial to conduct further proceedings regarding venue[.]" *Id.* at *4. Similarly, the defendants in *Elbit Systems* raised the venue defense "less than two months from trial." 2017 WL 2651618, at *19; *see also iLife Techs.*, 2017 WL 2778006, at *1 (three months before trial and more than three years after suit was filed); *The Chamberlain Grp.*, No. 16-C-6097, at *3 (less than three months before trial); *Amax, Inc.*, 2017 WL 2818986, at *1 (more than a year after case was brought and after summary judgment); *Infogation Corp.*, 2017 WL 2869717, at *3 (nearly a year after litigation commenced and after claim construction); *Navico*, 2017 WL 2957882, at *2 (after claim construction and only two months before trial). In this case, by contrast, Cree timely filed its motion to amend (Doc. 59 ¶ 2), the litigation is still in its early stages, and the *Markman* hearing is three months away (¶ 12). Under these circumstances, the Court finds that Cree has not waived the venue defense. *See Westech*, 2017 WL 2671297, at *2 (finding no waiver and granting leave to amend where the venue challenge was made early in the case.)

### D. Leave to Amend Should Be Granted

Having found that Cree did not waive the venue defense, the Court must decide whether to grant leave to amend under Rule 15(a)(2). That rule requires the Court to "freely give leave when justice so requires." Leave need not be granted, however, where

the amendment "would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

OptoLum does not argue, and the Court otherwise does not find, that leave to amend is sought in bad faith or would cause undue delay or prejudice. Rather, OptoLum contends that amendment of the answer would be futile because Cree has waived the venue defense. (Doc. 77 at 4-5.) The Court disagrees for reasons explained above.

OptoLum further contends that the proposed amendment would be futile because, although Cree seeks to deny that venue is proper, the proposed amended answer does not also affirmatively assert the defense of improper venue. (*Id.* at 5.) This omission could easily be cured through the submission of a revised amended answer if it were necessary, but the Court concludes that it is not. Simultaneously with its proposed amended answer, Cree filed its motion to dismiss for improper venue. The Court finds this motion sufficient to raise the venue defense. Given the liberal amendment policy of Rule 15(a)(2), the Court concludes that leave to amend is in the interest of justice and should be granted.

In summary, Cree's motion for leave to amend its answer (Doc. 72) is granted. Cree shall file its amended answer within fourteen days from the date of this order.

**III. Motion to Dismiss or Transfer for Improper Venue**

Once a defendant has raised an objection to venue, the plaintiff has the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491 (9th Cir. 1979); *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1286 (D. Ariz. 2009). The applicable patent venue statute, 28 U.S.C. § 1400(b), provides that any civil action for patent infringement "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." The parties do not dispute that under *TC Heartland*, Cree resides in North Carolina because this is its State

of incorporation. (Docs. 32, 60 ¶¶ 30.)

OptoLum asserts that Cree has sold infringing products at Home Depot stores in Arizona and that there is "reasonable basis for believing" that Cree has a regular and established place of business in the State. (Doc. 78 at 13.) In determining whether a defendant has such a place of business, "the appropriate inquiry is whether the corporate defendant does its business in that district through a permanent and continuous presence there[.]" *In re Cordis*, 769 F.2d 733, 737 (Fed. Cir. 1985). OptoLum claims that Cree has at least one sales manager and an engineer located in Arizona. (Doc. 78 at 13-15.) OptoLum states that there likely is additional evidence relating to venue, but the record is simply too undeveloped at this point to say with certainty. (*Id.* at 16.) To the extent the Court is inclined to examine the issue more closely, Cree requests the opportunity to conduct discovery and have an evidentiary hearing. (*Id.*)

The Supreme Court has cautioned that "the provisions of § 1400(b) are not to be liberally construed[.]" *In re Cordis*, 769 F.2d at 736. The Court finds that OptoLum has not, on the present record, met its burden of showing that venue in this Court is proper under § 1400(b).

"Whether to permit discovery relating to venue is within the Court's discretion." *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1183 (N.D. Cal. 2014); *see Trusted Health Prods., Inc. v. Blue Cross Labs., Inc.*, No. 5:13-375-DCR, 2014 WL 3586256, at *2 (E.D. Ky. July 21, 2014) ("the scope of discovery concerning jurisdiction, venue and transfer is within the Court's discretion"); *Va. Innovation Scis., Inc. v. Samsung Elec. Co.*, 928 F. Supp. 2d 863, 874 (E.D. Va. 2013) ("district courts enjoy broad discretion in determining whether to grant limited discovery to explore jurisdictional facts (including venue)"); *Eclipse IP, LLC v. ECCO USA, Inc.*, No. 5:12CV160, 2013 WL 5838675, at *6 (N.D. W. Va. Oct. 30, 2013) (same). Having considered the totality of the circumstances and the litigation of this case to date, the Court finds that allowing discovery, additional briefing, and an evidentiary hearing on the issue of venue "would be contrary to the 'just, speedy, and inexpensive determination'" of the merits of the

action. *Cobalt Boats*, 2017 WL 2556679, at *4. The Court therefore will exercise its discretion and deny discovery on the venue issue.

"Given the lack of venue, the Court has discretion to dismiss this case or, in the interest of justice, transfer it to a district where it could have been brought." *Medbox Inc. v. Kaplan*, No. CV-13-00949-PHX-GMS, 2013 WL 6094577, at *4 (D. Ariz. Nov. 20, 2013) (citing 28 U.S.C. § 1406(a)). There is no dispute that this action could have been brought in North Carolina. (Doc. 49 at 2.) Rather than dismiss the action, the Court will exercise its discretion to transfer the case to the District Court for the Middle District of North Carolina.

**IT IS ORDERED** that Cree's motion for leave to amend it answer (Doc. 72) is **GRANTED**. Cree shall file its amended answer within fourteen (14) days from the date of this order.

**IT IS FURTHER ORDERED** that OptoLum's motion for leave to file omnibus surreply memorandum (Doc. 81) is **GRANTED**. The Clerk is directed to file the lodged surreply (Doc. 82).

**IT IS FURTHER ORDERED** that Cree's motion to dismiss or transfer for improper venue (Doc. 73) is **GRANTED**. The Clerk is directed to transfer this action to District Court for the Middle District of North Carolina.

Dated this 24th day of July, 2017.

*[signature]*
Douglas L. Rayes
United States District Judge

- 12 -