IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| OPTOLUM, INC.,<br><br>  Plaintiff,<br><br> v.<br><br>CREE, INC.,<br><br>  Defendant. | Civil Action No. 1:17-cv-00687 |

**CREE, INC.'S RESPONSE TO OPTOLUM, INC.'S
SUPPLEMENTAL CLAIM CONSTRUCTION MEMORANDUM**

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1
II. ARGUMENT ................................................................................................. 1
    A. Applicant's Prosecution History Arguments Disclaim the Subject Matter OptoLum Now Improperly Attempts To Re-Capture. ..................... 1
    B. The Term "Plane" Refers To A Spatial Orientation. ................................... 7
III. CONCLUSION ............................................................................................... 7

# TABLE OF AUTHORITIES

Page

**CASES**

*Abbot Labs. & Surmodics, Inc. v. Church & Dwight Co., Inc.*,
 2008 WL 5387848 (N.D.Ill., December 22, 2008) .......................................................... 4

*Aylus Networks, Inc. v. Apple, Inc.*,
 856 F.3d 1353 (Fed. Cir. 2017) ............................................................................... 1, 2

*Ekchian v. Home Depot, Inc.*,
 104 F.3d 1299 (Fed. Cir. 1997) .................................................................................... 2

*Gillespie v. Dywidag Systems International, USA*,
 501 F.3d 1285 (Fed. Cir. 2007) .................................................................................... 5

*Hakim v. Cannon Avent Grp., PLC*,
 479 F.3d 1313 (Fed. Cir. 2007) .................................................................................... 6

*Laitram Corp. v. Morehouse Indus., Inc.*,
 143 F.3d 1456 (Fed. Cir. 1998) .................................................................................... 4

*Microsoft Corp. v. Multi-Tech Sys., Inc.*,
 357 F.3d 1340 (Fed. Cir. 2004) .................................................................................... 4

*Saffran v. Johnson & Johnson*,
 712 F.3d 549 (Fed. Cir. 2013) ...................................................................................... 5

*Seachange Int'l, Inc. v. C-COR, Inc.*,
 413 F.3d 1361 (Fed. Cir. 2005) ................................................................................. 4, 5

*Southwall Techs., Inc. v. Cardinal IG Co.*,
 54 F.3d 1570 (Fed. Cir. 1995) ...................................................................................... 2

*Trivascular, Inc. v. Samuels*,
 812 F.3d 1056 (Fed. Cir. 2016) .................................................................................... 4

## I. INTRODUCTION

Cree, Inc. ("Cree") submits this memorandum in response to OptoLum, Inc.'s ("OptoLum") "Supplemental Memorandum In Support Of Claim Construction" (Dkt. No. 140, "Opt. Supp. Mem."). OptoLum remains steadfast in its failure to address the central legal and factual issue presented by these claim phrases. OptoLum has no response to the key issue that it is ***Applicant's*** characterization of the claim scope, in comparison to the prior art, that defines the construction of the "two plane" limitation. The arguments in the intrinsic evidence define the scope of the "two plane" limitation to exclude all LEDs being in a single plane. OptoLum's attempts to now re-argue the prosecution history are wrong as a matter of law and fact. They should be seen for what they are – an improper attempt to re-capture what the Applicant relinquished during prosecution of the patent.

## II. ARGUMENT

### A. Applicant's Prosecution History Arguments Disclaim the Subject Matter OptoLum Now Improperly Attempts To Re-Capture.

In prosecuting a patent application, it is the Applicant who chooses the scope of subject matter to claim and the arguments to make which contrast that claimed subject matter to the prior art of record. Giving effect to Applicant's choices, which were made on the public record, maintains the notice function of intrinsic evidence. The Federal Circuit has explained that prosecution disclaimer is "a fundamental precept in our claim construction jurisprudence which promotes the public notice function of the intrinsic evidence and protects the public's reliance on definitive statements made during prosecution." *Aylus Networks, Inc. v. Apple, Inc.*, 856 F.3d 1353, 1359 (Fed. Cir. 2017)

(internal quotation marks omitted) (*quoting, Omega Eng'g v. Rayteck Corp.*, 334 F.3d 1314, 1323-1324) (holding that the applicant's distinction over the prior art was an unequivocal and unambiguous disavowal of claimed subject matter).

The prosecution history is the evidence of how the USPTO and the inventor understood the scope of the patent. *Id*. By "distinguishing the claimed invention over the prior art, [the applicant] indicat[es] what the claims ***do not*** cover, [and] by implication surrender[s] such protection." *Ekchian v. Home Depot, Inc.*, 104 F.3d 1299, 1304 (Fed. Cir. 1997) (emphasis added); *see also Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1581 (Fed. Cir. 1995) (holding that the patentee, having distinguished a prior art reference in arguments made to the USPTO, "cannot now escape [the defendant's] reliance upon this unambiguous surrender of subject matter"). "Ultimately, the doctrine of prosecution disclaimer ensures that claims are not "construed one way in order to obtain their allowance and in a different way against accused infringers."" *Id.* at 1360 (*quoting, Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1576 (Fed. Cir. 1995).

The Applicant (for the '028 patent) argued (responding to a claim rejection) that:

> "the Examiner points to Fig. 2B [of Arndt '819] as showing solid state light sources that are in a first plane and a second plane not coextensive with the first plane. The ***Examiner is mistaken. All the LEDs shown in Fig. 2B are in the same plane***, ***i.e., the plane defined by the drawing sheet***." *See,* Cree's opening claim construction brief (Dkt. No. 115, pp. 14-15) (emphasis in original, emphasis added).

The Applicant ***did not*** attempt to argue for patentability based on the identification of multiple planes. Rather, the Applicant chose to argue that the *scope* of the "two plane"

-2-

NAI-1503886647v1
4827-5211-1724, v. 1

Case 1:17-cv-00687-WO-JLW   Document 144   Filed 07/03/18   Page 5 of 13

claim limitation *did not* encompass the single ring of LEDs shown in Fig. 2B of the Arndt prior art (*i.e., all* LEDs in the *same* plane of the drawing sheet).

In stark contrast to Applicant's prosecution arguments, Optolum *now* takes a different tact, conceding that the Arndt prior art actually discloses the "two plane" limitation. Opt. Supp. Mem. at p. 4. OptoLum asserts that "there is *no meaningful distinction* between the structures of [the claimed invention] and Arndt [*et al*.]" *Id.* at p. 5 (emphasis added). While taking pains to ignore the specific prosecution history arguments to the contrary, OptoLum now argues: a) Examiner "determined that Arndt teaches disposing LEDs on a first plane and a second plane" and there was no disclaimer (*Id.* at p. 5) and that b) Cree has not met its "high evidentiary burden" for disclaimer. Both arguments are baseless. They are contrary to the facts and misapply the law.

OptoLum's argument that the Examiner "determined" what Arndt discloses (Opt. Supp. Mem. at 5) is a re-hash of earlier arguments and requires a rewrite of the file history. Contrary to OptoLum's arguments, the Examiner responded to Applicant's claim scope argument and merely "pointed out" "that Fig. 2B is only a two dimensional cross-section of the not shown three dimension view of the tubularly shaped, cylindrical, hollow cooling member 3/1…" *See also*, Dkt. No. 127, pp. 11-12 and Dkt. No. 141 at p. 8). The Examiner did not address, at all, *Applicant's* characterization of the claim scope.

It is *Applicant's* explanation of claim scope, representing that the LEDs disposed in the single plane of the paper was not encompassed in the "two plane" claim limitation,
-3-

that the Examiner does not contradict.[1]  Moreover, whether an Examiner allowed (or not) the claims. does not negate the import of the *Applicant's* representations.[2]  "The fact that an examiner placed no reliance on an applicant's statement distinguishing prior art does not mean that the statement is inconsequential for purposes of claim construction." *Laitram Corp. v. Morehouse Indus., Inc.*, 143 F.3d 1456, 1462 (Fed. Cir. 1998); *see also Seachange Int'l, Inc. v. C-COR, Inc.*, 413 F.3d 1361, 1375 (Fed. Cir. 2005) ("An applicant's argument made during prosecution may lead to a disavowal of claim scope even if the Examiner did not rely on the argument."); *Microsoft Corp. v. Multi-Tech Sys., Inc.*, 357 F.3d 1340, 1350 (Fed. Cir. 2004) ("We have stated on numerous occasions that

---

[1] Significantly, Applicant's "two plane" distinction over Arndt was made more than once.  Applicant made the *same* representation (*i.e., all* Arndt LEDs are disposed in the same, single plane) in arguing for the patentability of a related patent application -- a CIP (later abandoned) from the parent of the patents-at-issue.  Declaration of Lynne A. Borchers, Exh. A, Appl. Serial No. 10/430,696 (excerpts), Office Action Response dated April 9, 2007, pp.21-22.  Applicant's restriction of claim scope over Arndt was no accident or off-hand inadvertent statement.  It was a calculated argument, made more than once, to define the Applicant's choice of claim scope to secure allowance of the claim.  The law requires that Applicant be held to his own limitations.

[2] OptoLum again cites *Trivascular, Inc. v. Samuels*, 812 F.3d 1056, 1064 (Fed. Cir. 2016) (see Opt. Supp. Mem. at p. 6) to support the proposition that there is no disclaimer when Applicant's arguments are rejected.  As previously explained (see Dkt. No. 127, p. 12, n. 7), *Trivascular* is inapposite to the present case because the amendment (and associated argument) relied on for the purported disclaimer was never entered into the application.  Contrary to the present case, the Applicant's argument in *Trivascular* was never relevant.  Also, OptoLum's citation to *Abbot Labs. & Surmodics, Inc. v. Church & Dwight Co., Inc.*, 2008 WL 5387848 (N.D.Ill., December 22, 2008) is misplaced.  The court in *Abbot* found disclaimer ("These statements [. . .] evidence a clear disclaimer by Abbot [. . .]").  Moreover, the Examiner in the present case did not reject Applicant's arguments (as that was at issue in *Abbot*).

-4-

a patentee's statements during prosecution, whether relied on by the examiner or not, are relevant to claim interpretation.").

OptoLum's follow-on evidentiary burden argument (Opt. Supp. Mem., pp. 6-7), is similarly misguided. The law recognizes the fact that "applicants rarely submit affirmative disclaimers." *Saffran v. Johnson & Johnson*, 712 F.3d 549, 559 (Fed. Cir. 2013). The law does not demand such statements. Rather, where the Applicant makes an unqualified assertion distinguishing claim scope over the prior art, the public is entitled to rely on that assertion limiting the claim scope. *Id.* at 559-60 (holding claim is limited claim where Applicant distinguished prior art by asserting that his device was a "sheet" rather prior art preformed chamber). *Seachange International, Inc. v. C-Cor, Inc.*, 413 F.3d 1361, 1372-1373 (Fed. Cir. 2005) (holding that Applicant's arguments narrowed the scope of the claims). *Gillespie v. Dywidag Systems International, USA,* 501 F.3d 1285, 1291 (Fed. Cir. 2007) (holding the claim limited where Applicant distinguished claim scope over prior art). In all these cases, the evidentiary burden was met by the clear import of the plain statements in the intrinsic evidence.

In this case, the ***only*** record evidence concerning the "two plane" claim phrase is the file history.[3] That evidence is clear from its face that the ***Applicant*** characterized the

---

[3] OptoLum's apparent contention that other evidence would be available here is belied by its own conduct. OptoLum's lawyers (McCarter & English) also represent the prosecuting attorney (Donald J. Lenkszus) concerning the patents-at-issue. Through these attorneys, Mr. Lenkszus moved for a protective order preventing his deposition, *inter alia,* on the ground that the "prosecution history speaks for itself" and arguing that "the reason why prosecution counsel made a particular argument" is entitled to no weight. Dkt. No. 109, pp. 1-2.

-5-

NAI-1503886647v1
4827-5211-1724, v. 1

claim scope in comparison to the prior art and unequivocally asserted the Examiner *was mistaken* because the single claim phrase did not cover the single ring of LEDs shown as being disposed in the plane of the drawing sheet of Fig. 2B (irrespective of what other disclosure Arndt might make). In these circumstances, it is error to find that there is no disclaimer. Contrary to OptoLum's arguments, there is nothing "equivocal" about Applicant's statements and this is not an evidentiary issue. Those statements clearly meet the evidentiary burden and demonstrate disclaimer.[4]

Finally, in a last-ditch effort to distance itself from the patentee's arguments made during prosecution, Plaintiff argues that there is a semantical (not substantive) difference between the phrase "disposed in" and the phrase "are in." Opt. Supp. Mem., pp. 5–6. These semantics are an invitation to chase a red herring. The Court should not indulge it. The fact is that the prosecution history argument (concerning the "are in" phrase) was made about the very same "two plane" claim limitation – including the phrase "disposed in" – that is currently-at-issue. The phrase "are in" was simply used as a shorthand in the argument to refer to the express limitation "disposed in." Nothing more. Furthermore,

---

[4] OptLum's further argument (Opt. Supp. Mem., p. 7, n.4) that Applicant "acquiesced" in the rejection of its "persnickety" argument is equally unsupported and contrary to law. First, the claims were allowed with the "two plane" limitation, hence, the claim limitation was not rejected by the Examiner contrary to OptoLum's argument. Also, the Applicant did not acquiesce in Examiner's statements. *See Hakim v. Cannon Avent Grp., PLC*, 479 F.3d 1313, 1318 (Fed. Cir. 2007) ("Although a disclaimer made during prosecution can be rescinded, permitting recapture of the disclaimed scope, the prosecution history must be sufficiently clear to inform the examiner that the previous disclaimer, and the prior art that it was made to avoid, may need to be re-visited."). Since Applicant's argument was not subsequently addressed in the prosecution history, there has been no showing (much less a sufficient one) of acquiescence.

NAI-1503886647v1
4827-5211-1724, v. 1

plain language counsels that "plane" refers to spatial orientation. Had the Applicant desired a physical, flat surface, then he could have recited that the LEDs are "on" or "disposed on," – not "in" or "disposed in" a plane.

## B. The Term "Plane" Refers To A Spatial Orientation.

OptoLum's supplemental memorandum also fails to support its proposed construction of the term "plane," *i.e.*, a "physical, flat surface." In the prosecution argument over Arndt, the Applicant clearly "defined" the spatial orientation of a "single plane" to be coextensive with the "drawing sheet," *i.e.*, FIG. 2B of Arndt *et al*. That is, the "drawing sheet" plane provides a spatial orientation of the LEDs relative to one another as opposed to a "physical flat surface" on which the LEDs are disposed. While certain embodiments of the tubular (*e.g.*, circular) member are disclosed as having flat surfaces, the tubular member is **not limited** to those flat surfaces. Similarly, dependent claim 7 requires that the "tube" have "flat surfaces." That claim is superfluous if "plane" meant "flat surface." See Dkt. No. 141, p. 15. Again, had the Applicant wanted to narrow the claims to a physical, flat surface, he could have chosen those words. He did not. He opted for the much broader – but well understood – concept of a plane. Accordingly, Cree's proposed construction for the term "plane" as "a spatial relationship" should be adopted

## III. CONCLUSION

For the foregoing reasons, Cree respectfully requests that the Court adopt its proposed constructions for the "two plane" limitation and for the term "plane."

RESPECTFULLY SUBMITTED this 3rd day of July, 2018.

-7-
NAI-1503886647v1
4827-5211-1724, v. 1

Case 1:17-cv-00687-WO-JLW   Document 144   Filed 07/03/18   Page 10 of 13

By: */s/ Blaney Harper*
Blaney Harper
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
Email: bharper@jonesday.com

*/s/ Lynne A. Borchers*
Lynne A. Borchers
NC State Bar No. 32386
**SAGE PATENT GROUP, PLLC**
4120 Main at North Hills Street
Suite 230
Raleigh, NC 27609
Telephone: (984) 219-3358
Facsimile: (984) 538-0416
Email: lborchers@sagepat.com

*Attorneys for Defendant Cree, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| OPTOLUM, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>CREE, INC.,<br><br>    Defendant. | Civil Action No. 1:17-cv-00687 |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.3

    I hereby certify that the applicable word count, as defined by Local Rule 7.3(d) and determined by the WordPerfect software for the memorandum submitted herewith, is less than 6,250.

                                                  */s/ Lynne A. Borchers*
                                                  Lynne A. Borchers

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

OPTOLUM, INC.,

    Plaintiff,

v.

CREE, INC.,

    Defendant.

Civil Action No. 1:17-cv-00687

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to counsel of record.

                            */s/ Lynne A. Borchers*
                            Lynne A. Borchers

NAI-1503886647v1

Case 1:17-cv-00687-WO-JLW Document 144 Filed 07/03/18 Page 13 of 13