IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| OPTOLUM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17CV687 |
| | ) | |
| CREE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before this court is Defendant Cree, Inc.'s ("Cree") Motion to Strike Plaintiff OptoLum, Inc.'s ("OptoLum") Second Amended Infringement Contentions ("SAICs"). (Doc. 172.) Cree has filed a brief in support of its motion, (Doc. 173), OptoLum has responded, (Doc. 174), and Cree has replied, (Doc. 175). On July 8, 2019, this court heard argument from counsel. (See Minute Entry 07/08/19.) For the reasons set forth herein and discussed at argument, Cree's motion will be denied.

## I. BACKGROUND

On August 22, 2018, this court entered its Claim Construction Memorandum Opinion and Order ("Claim Construction Order"). (See Doc. 152.) On the same day, this court approved the parties' Joint Rule 26(f) Report. (See Doc. 151.) The Joint

Rule 26(f) Report was submitted with both parties' consent and set forth various deadlines, including, for the first time in a scheduling order in this case, a deadline for final contention responses. (See Doc. 149.)

On September 21, 2018, OptoLum served its First Amended Infringement Contentions ("FAICs") pursuant to Local Rule for Patent Cases ("Patent Rules") 103.6(a). (See Declaration of Lynne A. Borchers ("Borchers Decl.") ¶ 1 (Doc. 173-1); Tab 1 to Borchers Decl. (FAICs) (Doc. 173-2) at 2, 9.)[1] On October 11, 2018, Cree served its Non-Infringement and Invalidity Contentions pursuant to Patent Rule 103.6(c)(1). (Mem. in Supp. of Def.'s Mot. to Strike ("Def.'s Mem.") (Doc. 173) at 2.) On March 5, 2019, this court amended the scheduling order, providing the currently operative deadlines: final contention responses were due on March 29, 2019; fact discovery closed on April 5, 2019; opening expert reports were due on May 6, 2019; responsive expert reports were due on June 3, 2019; rebuttal expert reports were due on June 19, 2019; expert discovery

---

[1] OptoLum served its Initial Infringement Contentions before this case was transferred to this court from the District of Arizona. (See Tab 2 to Borchers Decl. (SAICs) (Doc. 173-3) at 2 n.1.) The Northern District of California's Patent Local Rules governed the case prior to its transfer to this court. (See id.) This district's Patent Rules now apply to this case. LR 101.2(b) ("These rules apply to all civil actions filed in or transferred to this Court which allege infringement of a utility patent . . . .").

closes on July 22, 2019; and dispositive motions are due by August 21, 2019. (See Doc. 171 at 1-2.) Trial is set for December 10, 2019. (Id. at 2.)

On March 29, 2019, OptoLum served its SAICs without seeking leave to amend from this court. (See Def.'s Mem. (Doc. 173) at 2.) In the interim between OptoLum's FAICs and SAICs, Cree made several document productions. (See OptoLum's Opp'n to Cree's Mot. to Strike ("Pl.'s Opp'n") (Doc. 174) at 2 n.2.) Some of those productions were in response to OptoLum's requests for files containing the requisite metadata to enable OptoLum to efficiently utilize them. (See id.) OptoLum learned that these files existed during its deposition of Cree's employee, Dr. Curt Progl. (See Pl.'s Opp'n, Ex. A, Declaration of Leah R. McCoy ("McCoy Decl.") (Doc. 174-1) ¶ 10.) OptoLum asserts that Cree did not produce many of the files with the correct metadata until October 5, 2018, others until March 25, 2019, and that some production deficiencies continued through the end of April 2019. (See id. ¶¶ 5, 10, 12-16.)

On April 11, 2019, Cree filed its Motion to Strike, arguing that OptoLum's SAICs do not comply with Patent Rules 103.6 and 103.7. (See Doc. 172.)

## II. **LEGAL STANDARD**

The interpretation of local patent rules is governed by Federal Circuit law, which dictates that local patent rules must be consistent with the Federal Rules of Civil Procedure. See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1364-65 (Fed. Cir. 2006) (citing 28 U.S.C. § 2071(a) (2000); Fed. R. Civ. P. 83(a)(1)). Local patent rules seek to balance "the right to develop new information in discovery with the need for certainty as to the legal theories" of infringement, non-infringement, and invalidity. O2 Micro, 467 F.3d at 1366 (citation and footnote omitted).

There is little caselaw interpreting this district's Patent Rules or the Eastern District of North Carolina's Local Patent Rules, which are substantively similar. And the Federal Circuit has not addressed the Patent Rules relevant here. Much of the caselaw interpreting local patent rules involves the Northern District of California's Patent Local Rules. See, e.g., O2 Micro, 467 F.3d at 1355; Volumetrics Med. Imaging, L.L.C. v. Toshiba Am. Med. Sys., Inc., No. 1:05CV955, 2011 WL 2359061, at *1 (M.D.N.C. June 9, 2011). The Northern District of California's Patent Local Rules, however, provide that a party may amend its infringement contentions only by order of the court upon a timely showing of good cause. See Patent L.R. 1-3,

3-6.[2] The cases are therefore instructive but not particularly persuasive, as only amendment under the final sentence of Patent Rule 103.7 explicitly requires a showing of good cause. See Simo Holdings Inc. v. H.K. uCloudlink Network Tech. Ltd., 354 F. Supp. 3d 508, 510 (S.D.N.Y. 2019) ("[P]laintiff's citations to various decisions from other courts imposing a 'good cause' standard for supplementing invalidity contentions are inapposite. Those cases rely on local rules which, unlike this Court's, expressly impose such a requirement.").

When interpreting a Patent Rule, the court begins with the plain language of the rule's text. See Veolia Water Sols. & Techs. Support v. Siemens Indus., Inc., 63 F. Supp. 3d 558, 563 (E.D.N.C. 2014) (citing Dodd v. United States, 545 U.S. 353, 359 (2005)). As the court told counsel during oral argument, the court finds the plain language of Patent Rules 103.6 and 103.7 confusing and difficult to apply. The parties' interpretations of the rules are reasonable, but the court interprets portions of them differently.

---

[2] The Northern District of California Patent Local Rules previously permitted amendment based on the court's claim construction ruling without a showing of good cause. See O2 Micro, 467 F.3d at 1359 & n.5 (citing previous version of N.D. Cal. Patent L.R. 3-6). The Northern District of California amended its Patent Local Rules in 2009. See Patent L.R. 1-4.

The plain language of Patent Rule 103.6 does not require a party amending its contentions to show good cause or obtain a court order. Rather, a party has the authority to amend when specific circumstances exist. Patent Rule 103.6(a) permits a party claiming patent infringement to amend its infringement contentions within thirty days of a claim construction ruling and with respect to the information required by Patent Rules 103.1(c)-(d), but only if required by the claim construction ruling or by documents produced pursuant to Patent Rule 103.4. See LR 103.6(a). Patent Rule 103.6(b) allows a party to amend its infringement or non-infringement contentions when "[d]iscovery has revealed information requiring modification of the contentions." LR 103.6(b). This court finds that Patent Rule 103.6(b) permits amendment when the information "requiring modification" relates to the information required to be disclosed pursuant to Patent Rules 103.1 or 103.3, which set forth the information a party must include in its preliminary contentions. There is no time frame associated with amendment under Patent Rule 103.6(b). This rule can operate unfairly and to the disadvantage of a party where, as here, the other party amends its contentions on the eve of the close of fact discovery. Patent Rule 103.7 allows a party to amend its infringement or non-infringement contentions in three

circumstances: (i) "as expressly permitted by [Patent] Rule 103.6"; (ii) "within thirty (30) days of the discovery of new information relevant to the issues of infringement, noninfringement, or invalidity"; or (iii) by order of the court based upon good cause. LR 103.7.

Notwithstanding Patent Rules 103.6 and 103.7, this court has broad discretion in managing the patent cases before it. See LR 101.2(c) ("The Court may . . . modify the obligations or deadlines set forth in the[] Local Patent Rules based on the circumstances of any particular case . . . ."); see also Doe v. Montgomery Cty. Bd. of Educ., No. 1:15CV940, 2016 WL 5415760, at *3 (M.D.N.C. Sept. 28, 2016) (internal quotation marks omitted) (quoting Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001)) (noting the court's discretion "to overlook a party's failure to comply with local court rules"). Relatedly, as this court noted at oral argument, there is a "strong policy" in the Fourth Circuit to decide cases on the merits. See, e.g., United States v. Shaffer Equip. Co., 11 F.3d 450, 462 (4th Cir. 1993).

III. **DISCUSSION**

This court issued its Claim Construction Order on August 22, 2018, meaning that OptoLum could amend its infringement contentions pursuant to Local Rule 103.6(a) until September 21, 2018, when OptoLum served its FAICs. OptoLum's

- 7 -

SAICs followed over six months later. Because OptoLum did not serve the SAICs within thirty days of the Claim Construction Order, Patent Rule 103.6(a) is not applicable. The court must address three main issues to rule on Cree's motion. First, whether the SAICs were "required" based upon information revealed during discovery, as allowed under Patent Rule 103.6(b). Second, if not, whether the court should allow the SAICs under Patent Rule 103.7. And third, if the court allows the SAICs, whether Cree will be prejudiced and, if so, whether that prejudice can be remediated.[3]

Turning first to whether OptoLum's SAICs were proper under Patent Rule 103.6(b), Cree asserts that OptoLum reads Patent Rule 103.6(b) to allow amendment at will. (Def.'s Mem. (Doc.

---

[3] There is a minor issue to resolve as well. The court disagrees with OptoLum's argument that the SAICs conform to the scheduling order, which required final contention responses to be served by March 29, 2019. (See Pl.'s Opp'n (Doc. 174) at 7.) Candidly, the court does not know what the parties contemplated when inserting a deadline for final contention responses into their Joint Rule 26(f) Report. The parties submitted their Joint Rule 26(f) Report, (Doc. 149), and subsequent joint motions to extend the deadline for final contention responses, (see, e.g., Doc. 170), by consent. Yet the parties now disagree as to what that deadline concerns. The Patent Rules do not contemplate "responsive" infringement contentions unless they relate to amendments "responding" to a claim construction ruling. See LR 103.6(a). Further, "contentions" and "responses" are different things. That is, infringement contentions are not responses. Rather, they set forth a party's theories of infringement. While OptoLum's argument is not persuasive, it is not unreasonable, and the court therefore gives little weight to what was likely a misreading of a scheduling order.

173) at 13-14.) Such a reading, Cree concludes, renders as superfluous Patent Rule 103.7's thirty-day window to amend based on the discovery of information relevant to infringement, non-infringement, or invalidity. (Id.) OptoLum contends – somewhat conclusively and without much specificity – that the SAICs are proper under Patent Rule 103.6(b) because the modifications were required by information learned from Cree's document productions since the FAICs. (Pl.'s Opp'n (Doc. 174) at 2 n.2, 4, 6.) As an example, OptoLum asserts that Cree did not produce many files with the requisite metadata until October 5, 2018, and others until March 25, 2019. These productions included documents detailing for the first time the thermal imaging, modeling, and assembly of the accused products. (Pl.'s Opp'n (Doc. 174) at 2 & n.2.) But it is not immediately clear from OptoLum's brief what specific information Cree produced between the FAICs and SAICs that required modification relating to the information OptoLum is obligated to disclose under Patent Rule 103.1. Cree argues vehemently that any belatedly-produced documents could not have been the source of the amendments because OptoLum neither cites any new document in the SAICs produced after the FAICs nor demonstrates that any information not contained in the bill of materials ("BOM") – which OptoLum had by September 5, 2018 – is necessary to the amendments. (See Def.'s Mem. (Doc. 173) at 2;

see also Borchers Decl. (Doc. 173-1) ¶ 7; Tab 4 to Borchers Decl. (Doc. 173-5).)

During oral argument, OptoLum fleshed out that it needed the files with the correct metadata to run thermal simulations and piece together mechanical assembly drawings. (See McCoy Decl. & App'x 1 to McCoy Decl. (Doc. 174-1).) OptoLum's counsel contended that the modifications in the SAICs are required based on information revealed from discovery after the FAICs because the modifications relate to the information required to be disclosed under Patent Rule 103.1. This information includes clarifications to previously-asserted claims, new infringement theories, and even anticipated infringement theories based on incomplete simulations as of March 29, 2019. Despite Cree's compelling argument, this court was persuaded by oral argument that Cree's interrogatory responses after OptoLum's FAICs led, at least to some degree, to OptoLum's contentions being amended to comply with Patent Rule 103.1 and thus were proper under Patent Rule 103.6(b).

Second, as to Patent Rule 103.7, the court is unable to determine if OptoLum discovered new information relevant to infringement within thirty days of the SAICs. On this issue, OptoLum likely bears the burden of showing that the modifications were within thirty days of OptoLum's discovery of

the new information relating to the modifications. See Mortg. Grader, Inc. v. First Choice Loan Servs. Inc., 811 F.3d 1314, 1321 (Fed. Cir. 2016) (citing O2 Micro, 467 F.3d at 1366) ("The party seeking to amend its contentions [by showing good cause] bears the burden of proving it acted with diligence."). The court cannot find that OptoLum demonstrates the SAICs timeliness under Patent Rule 103.7. See Veolia Water Sols. & Techs. Support v. Siemens Indus., Inc., No. 5:11-CV-00296-FL, 2013 WL 2149209, at *4-5 (E.D.N.C. May 16, 2013) (finding that amendments to non-infringement contentions were timely where defendant cited new deposition testimony within thirty days of amending).

Patent Rule 103.7 also permits amendment by order of the court based upon good cause. OptoLum did not seek a court order prior to amending its contentions. And this court declines to engage in an ex post facto analysis of OptoLum's ability to show good cause on March 29, 2019, or to more fully analyze the difference between "good cause" under Patent Rule 103.7 and "requiring modification" under Patent Rule 103.6(b). The court is satisfied that OptoLum's amendments are permissible under Patent Rule 103.6(b).

Third, Cree is likely prejudiced by OptoLum's last minute amendments, occurring one week before the close of fact discovery, six months after OptoLum's FAICs, and seven months

after the Claim Construction Order. Cree might have to amend portions of its expert reports, amend its non-infringement and invalidity contentions, reconsult with employees, and possibly depose additional fact witnesses. Any prejudice, however, is lessened to some degree by Cree's own argument that "OptoLum's amendments in the [SAICs] are simply a re-characterization of the contentions served on September 21, 2018." (Def.'s Mem. (Doc. 173) at 15.) The court also understands from oral argument that Cree already addressed in its expert reports some of OptoLum's modifications.

"The imposition of sanctions for violation of a local rule is discretionary with the Court." LR 83.4(b); see also O2 Micro, 467 F.3d at 1363 (quoting Fed. R. Civ. P. 16(f), 37(b)(2)(A)) ("The court may impose any 'just' sanction for the failure to obey a scheduling order . . . ."). The court is generally opposed to striking infringement contentions for procedural reasons, especially absent bad faith by the amending party, significant prejudice to a party, or a party's repeated disregard of the court's orders. See Biogenex Labs., Inc. v. Ventana Med. Sys., Inc., No. C 05-860 JF (PVT), 2006 WL 2228940, at *4 (N.D. Cal. Aug. 3, 2006) ("[T]he Court is extremely reluctant to dispose of substantive infringement claims based upon procedural defects, particularly given that [the plaintiff]

has offered at least articulable reasons for its conduct and that there is no evidence of bad faith."); cf. Canvs Corp. v. United States, 107 Fed. Cl. 100, 110-11 (2012) (quoting Kadin Corp. v. United States, 782 F.2d 175, 177 (Fed. Cir. 1986)) (dismissing certain claims as a sanction for plaintiff's repeated failure to comply with the court's rules and previous orders).

Striking the SAICs is an inappropriate sanction. This court will allow OptoLum's SAICs because any prejudice to Cree can be addressed. The court leaves it to the parties to make an initial proposal, but this court is inclined to do any one or a combination of the following: restructure the deadlines for expert reports; deem OptoLum's SAICs to be its final infringement contentions; permit Cree to conduct additional fact discovery; or allow Cree to amend its non-infringement and invalidity contentions, particularly as to OptoLum's amendments regarding the structure corresponding to the two plane claim limitation, the description of the Heatsink structure corresponding to the elongated thermal conduction member claim limitation, and the newly identified "globe" of the LED Bulb through which heat is dissipated, (see, e.g., Tab 3 to Borchers Decl. (Doc. 172-6) at 19-24 (comparing the FAICs and SAICs)). At the hearing on July 8, 2019, the court directed the parties to

consult with each other and respond to the court by July 17, 2019, with an amended Joint Rule 26(f) Report that accounts for any prejudice to Cree.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike, (Doc. 172), is **DENIED.**

**IT IS FURTHER ORDERED** that the parties shall meet and confer and submit to this court an Amended Joint Rule 26(f) Report by July 17, 2019.

This the 11th day of July, 2019.

_____
United States District Judge