```
IN THE UNITED STATES DISTRICT COURT
  FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

|                      |   |                          |
|----------------------|---|--------------------------|
| OPTOLUM, INC.,       | ) |                          |
|                      | ) |                          |
|         Plaintiff,   | ) | Civil Action No. 1:17-cv-|
|   v.                 | ) | 00687-WO-JLW             |
|                      | ) |                          |
| CREE, INC.,          | ) |                          |
|                      | ) |                          |
|         Defendant.   | ) |                          |
|                      | ) |                          |

**DEFENDANT CREE, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER FEDERAL RULE OF CIVIL PROCEDURE 50(a) REGARDING LACK OF WILLFULNESS**

**TABLE OF CONTENTS**

Page

I. STATEMENT OF THE NATURE OF THE MATTER................ 1
II. STATEMENT OF FACTS.................................... 1
III. STATEMENT OF QUESTION PRESENTED...................... 3
IV. LEGAL STANDARD....................................... 3
V. ARGUMENT............................................. 5
   A. No Reasonable Jury Could Find Willfulness ....... 5
      1. OptoLum has Presented No Evidence that Cree Knew of the Asserted Patents .......... 5
      2. OptoLum has Presented No Evidence that Cree Knew or Should Have Known that it Infringed the Asserted Patents ............. 6
      3. Allegations Regarding the Unasserted '536 Patent Do Not Establish that Cree Had Knowledge of the Asserted Patents .......... 8
VI. CONCLUSION........................................... 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017) ........................... 7

*Corephotonics, Ltd. v. Apple, Inc.*,
   No. 17-CV-06457-LHK, 2018 WL 4772340 (N.D. Cal. Oct. 1, 2018) ........................................ 9

*Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*,
   946 F.3d 1367 (Fed. Cir. 2020) ........................... 5

*Evonik Degussa GmbH v. Materia, Inc.*,
   305 F. Supp. 3d 563 (D. Del. 2018) ....................... 5

*Finjan, Inc. v. Juniper Networks, Inc.*,
   2018 WL 905909 (N.D. Cal. Feb. 14, 2018) ................ 9

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) ................................ 6, 9

*LML Holdings, Inc. v. Pac. Coast Distrib. Inc.*,
   No. 11-CV-06173 YGR, 2012 WL 1965878 (N.D. Cal. May 30, 2012) ........................................ 8

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   897 F. Supp. 2d 225 (D. Del. 2012) ....................... 8

*Norian Corp. v. Stryker Corp.*,
   363 F.3d 1321 (Fed. Cir. 2004) ........................... 7

*Russell v. Absolute Collection Servs., Inc.*,
   763 F.3d 385 (4th Cir. 2014) ............................. 4

*Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*,
   983 F. Supp. 2d 700 (E.D. Va. 2013) ...................... 8

*Vasudevan Software, Inc. v. TIBCO Software Inc.*,
  2012 WL 1831543 (N.D. Cal. May 18, 2012) ................ 9

*Weisgram v. Marley Co.*,
  528 U.S. 440 (2000) ...................................... 4

*Wheatley v. Wicomico Cnty., Maryland*,
  390 F.3d 328 (4th Cir. 2004) ............................. 4

*Windy City Innovations, LLC v. Microsoft Corp.*,
  193 F.Supp.3d 1109 (N.D. Cal. 2016) ...................... 9

**OTHER AUTHORITIES**

9B Fed. Prac. & Proc. Civ. § 2524 (3d ed. 2011) ........... 4

Federal Rule of Civil Procedure 50(a) .................. 1, 4

U.S. Patent No. 6,573,536 ........................ 3, 6, 8, 9

U.S. Patent Nos. 6,831,303 ............................... 1

## I. STATEMENT OF THE NATURE OF THE MATTER

Defendant Cree, Inc. ("Cree") moves under Federal Rule of Civil Procedure 50(a) for judgment as a matter of law ("JMOL") on the issue of lack of willfulness. Plaintiff OptoLum, Inc. ("OptoLum") presented no evidence that Cree willfully infringed U.S. Patent Nos. 6,831,303 and 7,242,028 (collectively, "the Asserted Patents"). OptoLum has thus failed to meet its burden to establish willfulness by a preponderance of the evidence and no reasonable jury could find that Cree willfully infringed the Asserted Patents. Accordingly, the Court should grant JMOL in favor of Cree on this issue.

## II. STATEMENT OF FACTS

At the close of OptoLum's evidence, OptoLum had presented no evidence to support its claim of willfulness. The only evidence OptoLum presented that could possibly relate to willfulness was certain trial testimony of Joel Dry. No other witnesses offered any evidence of the state of mind of any individual at Cree regarding the Asserted Patents.

Mr. Dry testified at trial that he spoke on a roundtable discussion at the Blue 2003 Conference in

Dallas. October 26th Unedited Tr. 52:16, 55:6-7. Mr. Dry testified that, after the roundtable he spoke to John Edmonds, one of the founders of Cree. *Id.* at 55:5-14, 54:19-21. According to Mr. Dry, during those discussions, Mr. Edmonds looked at Mr. Dry's BL-800 prototype, discussed the prototype with Mr. Dry (although Mr. Dry provided no details of the scope of this discussion), and gave Mr. Dry his business card. *Id.* at 55:17-56:11, 113:1-15.

Mr. Dry admitted that, while he *may* have told Mr. Edmond that OptoLum "had received a patent," he likely did not "mention[ the patent] by name, only that we had received a patent." *Id.* at 114:15-19. Mr. Dry further admitted that he had no conversations with Mr. Edmond after the Blue 2003 Conference.[1] *Id.* at 114:20-115:1.

Further, Mr. Dry testified that the Asserted Patents did not exist at the time of the Blue 2003 Conference so he could not have identified the Asserted Patents to Mr.

---

[1] Mr. Dry also testified that, at the Blue 2004 Conference in Taiwan, Mr. Dry gave a speech, October 26th Unedited Tr. 58:19-23, and "said hello" to Charles Swoboda, the CEO of Cree at the time, *id.* at 59:9-12. OptoLum's counsel conceded that OptoLum "can't prove that Mr. Swoboda heard [Mr. Dry's] speech [at the conference] or anything else." *Id.* at 65:6-8.

-2-

Edmond. *Id.* at 114:9-11. The only patent that OptoLum owned at the time was the unasserted U.S. Patent No. 6,573,536 ("the '536 patent"). Mr. Dry also testified that he was familiar with and admired Cree as a "leader in LEDs" at the time of the Blue 2003 Conference. *Id.* at 55:1, 56:6-7.

The record evidence shows that Cree's alleged infringement began on March 1, 2013, in a highly publicized product release. *Id.* at 79:15-18, 80:9-11. Yet, although Mr. Dry testified that he was well aware of Cree, *id.* at 80:16, OptoLum did not give Cree any notice of the alleged infringement until it brought suit against Cree on November 6, 2016, *id.* at 81:14-16.

### III. STATEMENT OF QUESTION PRESENTED

Whether, in light of the evidence that OptoLum presented at trial and the authority provided herein, a reasonable jury would have no legally sufficient evidentiary basis to find that Cree willfully infringed the Asserted Patents.

### IV. LEGAL STANDARD

Judgment as a matter of law is appropriate where "a party has been fully heard on an issue during a jury trial

-3-

and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1); *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 391 (4th Cir. 2014). "Such a motion is properly granted if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof." *Wheatley v. Wicomico Cnty., Maryland*, 390 F.3d 328, 332 (4th Cir. 2004) (internal citations and quotations omitted).

Rule 50(a) allows the trial court to remove issues from the jury's consideration "when the facts are sufficiently clear that the law requires a particular result." *Weisgram v. Marley Co.*, 528 U.S. 440, 448 (2000) (internal quotations omitted). "The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury might reasonably find a verdict for that party." 9B Fed. Prac. & Proc. Civ. § 2524 (3d ed. 2011).

## V. ARGUMENT

### A. No Reasonable Jury Could Find Willfulness

On the record evidence here, no reasonable jury could find that Cree willfully infringed the Asserted Patents. To establish willfulness, OptoLum must prove by a preponderance of the evidence that Cree's infringement was "deliberate or intentional." *Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020). OptoLum's evidence, even if accepted as true, establishes no more than that one Cree employee may have had knowledge that OptoLum had an unidentified, non-asserted patent related to OptoLum's BL-800 prototype in 2003. Based on that evidence, no reasonable jury could find that Cree's infringement was deliberate or intentional. OptoLum, therefore, has failed to establish willfulness as a matter of law.

#### 1. OptoLum has Presented No Evidence that Cree Knew of the Asserted Patents

Willfulness requires evidence that the accused infringer had knowledge of the patents and of infringement. *See Evonik Degussa GmbH v. Materia, Inc.*, 305 F. Supp. 3d 563, 577 (D. Del. 2018) ("Willfulness necessarily involves knowledge of the patent *and* of infringement."). Yet Mr.

-5-

Dry's testimony cannot establish that Mr. Edmond obtained knowledge of the Asserted Patents.

OptoLum's evidence, at most, establishes that one Cree employee may have had knowledge that OptoLum owned an unidentified patent related to OptoLum's BL-800 prototype. Mr. Dry could not, and did not, testify that he identified the '536 patent to Mr. Edmond. Mr. Dry admitted that, at most, he may have told Mr. Edmond that OptoLum owned a patent related to its prototype. Mr. Dry did not identify the patent number to Mr. Edmond. Nor did Mr. Dry testify that he described the scope of OptoLum's patent to Mr. Edmond. No reasonable jury, therefore, could find that Cree had knowledge of the Asserted Patents.

        **2.    OptoLum has Presented No Evidence that Cree Knew or Should Have Known that it Infringed the Asserted Patents**

Even if Mr. Dry's testimony could establish that Mr. Edmond knew of the '536 patent, knowledge of a patent is not enough, on its own, to support a finding of willful infringement. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1936 (2016) (Breyer, J., concurring) ("[T]he Court's references to 'willful misconduct' do not mean that a court may award enhanced damages simply because

-6-

the evidence shows that the infringer knew about the patent *and nothing more*." (emphasis in original)); *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1332 (Fed. Cir. 2004) ("Willful infringement is not established by the simple fact of infringement, even though [the infringer] stipulated that it had knowledge of the [] patents.").

Willfulness requires evidence that the accused infringer knew of the asserted patents *and* "acted despite a risk of infringement that was 'either known or so obvious that it should have been known to the accused infringer.'" *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017).

Here, OptoLum has never alleged nor provided any evidence that Cree knew or should have known that its conduct amounted to infringement of the Asserted Patents. Instead, the evidence has shown that, despite Cree's highly publicized release of the accused bulb in 2013 and Mr. Dry's admitted familiarity with Cree, October 26th Unedited Tr. at 55:1, 56:6-7, 80:14-16, OptoLum did not give Cree any notice of its infringement until OptoLum brought suit against Cree three-and-one-half years after the release of the accused bulb, *id.* at 81:14-16.

-7-

### 3. Allegations Regarding the Unasserted '536 Patent Do Not Establish that Cree Had Knowledge of the Asserted Patents

Finally, OptoLum's argument that knowledge of the unasserted and abandoned '536 patent establishes knowledge of the Asserted Patents is wrong. Willfulness requires evidence that Cree had "knowledge of the actual patents at issue." *LML Holdings, Inc. v. Pac. Coast Distrib. Inc.*, No. 11-CV-06173 YGR, 2012 WL 1965878, at *4 (N.D. Cal. May 30, 2012).

Evidence of knowledge of a parent patent, on its own, does not support a finding of knowledge of the continuations from that patent. *See Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 983 F. Supp. 2d 700, 712 (E.D. Va. 2013) ("The allegation that Defendants knew or should have known of these patents simply from their knowledge of the '492 patent, from which they are continuations, is not a reasonable inference."); *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232 (D. Del. 2012) (explaining that there is no authority indicating that knowledge of a related patent is equivalent to knowledge of the asserted patent, "and the relevant case law suggests that drawing such an inference is too tenuous even at the

pleading stage"); *Vasudevan Software, Inc. v. TIBCO Software Inc.*, 2012 WL 1831543, at *3 (N.D. Cal. May 18, 2012) (rejecting suggestion that knowledge of patent in suit may be inferred from alleged awareness of parent patent).[2]

OptoLum has never explained, nor provided any evidence explaining, how an allegation that Cree had knowledge of the surrendered and unasserted '536 patent could establish Cree's knowledge of the Asserted Patents. Evidence of Cree's alleged knowledge of the '536 patent, therefore, cannot establish Cree's knowledge of the Asserted Patents.

---

[2] Indeed, multiple courts, post-*Halo*, have held that knowledge of related patents is not sufficient to establish knowledge of asserted patents. *See, e.g., Finjan, Inc. v. Juniper Networks, Inc.*, 2018 WL 905909, at *3 (N.D. Cal. Feb. 14, 2018) (finding that knowledge of a related patent was not sufficient to establish willfulness); *Windy City Innovations, LLC v. Microsoft Corp.*, 193 F.Supp.3d 1109, 1117 (N.D. Cal. 2016) (failing to find knowledge of patent-in-suit because defendant only had actual knowledge regarding the patent application of the asserted patent and another non-asserted patent); *see also Corephotonics, Ltd. v. Apple, Inc.*, No. 17-CV-06457-LHK, 2018 WL 4772340, at *8 (N.D. Cal. Oct. 1, 2018) ("Indeed, it has been well-established both before and after the *Halo* decision that knowledge of a pending patent application does not confer knowledge of an existing patent.").

## VI. CONCLUSION

At the close of OptoLum's evidence, OptoLum had presented no evidence that Cree deliberately or intentionally infringed the Asserted Patents. OptoLum has failed as a matter of law to meet its burden of proving willfulness by a preponderance of the evidence. No reasonable jury could find that Cree willfully infringed the Asserted Patents. Accordingly, the Court should grant JMOL in favor of Cree as to lack of willfulness.

Dated: November 1, 2021       Respectfully submitted,

By: */s/ Blaney Harper*
Blaney Harper
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
Email: bharper@jonesday.com

*/s/ Peter D. Siddoway*
Peter D. Siddoway
NC State Bar No. 45647
SAGE PATENT GROUP
4120 Main at North Hills St.,
    Suite 230
Raleigh, NC, 27609
Telephone: 984-219-3358
Facsimile: (984) 538-0416
Email: psiddoway@sagepat.com

*Attorneys for Defendant Cree, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| OPTOLUM, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>CREE, INC.,<br><br>    Defendant. | Civil Action No.<br>1:17-cv-00687 |

**CERTIFICATE OF WORD COUNT**

I hereby certify that Defendant Cree, Inc.'s Motion for Judgment As a Matter of Law Under Federal Rule of Civil Procedure 50(a) Regarding Lack of Willfulness complies with the limitations set forth in Local Rule 7.3(d) by not exceeding 6,250 words, including the body of the brief, headings and footnotes, but excluding the caption, signature lines, certificate of service, and cover page or index.

                                          */s/ Peter D. Siddoway*
                                          Peter D. Siddoway

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2021, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Middle District of North Carolina using the CM/ECF Filing System, which will send notification via electronic means to all counsel of record.

*/s/ Peter D. Siddoway*
Peter D. Siddoway
NC State Bar No. 45647
SAGE PATENT GROUP
4120 Main at North Hills St.,
   Suite 230
Raleigh, NC, 27609
Telephone: 984-219-3358
Facsimile: (984) 538-0416
Email: psiddoway@sagepat.com