IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
OPTOLUM, INC.,                )
                              )
        Plaintiff,            )
                              )
    v.                        )      1:17CV687
                              )
CREE, INC.,                   )
                              )
        Defendant.            )
```

# MEMORANDUM OPINION AND ORDER
## ON DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW
## AS TO WILLFUL INFRINGEMENT

**OSTEEN, JR., District Judge**

This matter comes before the court on Defendant Cree, Inc.'s Motion for Judgment as a Matter of Law under Federal Rule of Civil Procedure 50(a) Regarding Lack of Willfulness, (Doc. 323). Plaintiff OptoLum, Inc., responded, (Doc. 330), and Defendant replied, (Doc. 332). This court granted Defendant's motion. (Minute Entry 11/03/2021). This Order supplements this court's findings made in open court granting judgment as a matter of law ("JMOL") as to willful infringement and further explains this court's reasoning. Although these issues may be moot as a result of the jury's verdict, the parties are entitled to consider this court's reasoning in full for purposes of any JMOL motion or appeal.

## I. BACKGROUND

Plaintiff sued Defendant for infringement of two of Plaintiff's patents, U.S. Patent Nos. 6,831,303 and 7,242,028 (the "Asserted Patents"). Plaintiff claims that Defendant willfully infringed the Patents.

During Plaintiff's case-in-chief, it presented evidence through the testimony of several witnesses, including Joel Dry, Charles McCreary, William Scally, and Brent York. Mr. Dry testified that in 2003 he spoke at a roundtable discussion at the Blue 2003 Conference. Mr. Dry testified that he showed his BL-800 prototype during that discussion, and that John Edmond, one of Cree's founders, spoke with Mr. Dry about his prototype. Mr. Dry testified that Mr. Edmond looked at the prototype, and Mr. Dry discussed the prototype with Mr. Edmond. Mr. Dry also testified that shortly before the Blue 2003 Conference, he received a patent (the "'536 Patent") for the technology in his prototype. Mr. Dry testified he would have mentioned that he had received a patent at the conference because he was proud of receiving a patent, but he would not have used the name or number of the patent.

Mr. Scally testified about Cree's failure in developing an LED bulb and the importance of being first to market with an LED bulb that looked like an incandescent bulb. Mr. York testified

that he viewed OptoLum's technology as revolutionary because well-known companies were trying and failing to develop a similar LED bulb. Finally, Plaintiff presented evidence of direct infringement through Mr. McCreary, who testified he believes that Cree's products infringed the Asserted Patents.

At the close of Plaintiff's case, Defendant moved for JMOL as to willful infringement. (Doc. 323.) Defendant argues that Plaintiff failed to meet its burden to establish willful infringement. Following presentation of Defendant's evidence, this court granted Defendant's motion to dismiss the willful infringement claim.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 50, after "a party has been fully heard on an issue during a jury trial[,]" a party may make a motion asking the court to enter judgment as a matter of law. Fed. R. Civ. P. 50(a). This motion is made before a case is submitted to the jury and, to grant the motion, requires a finding that no reasonably jury could find for the opposing party. Fed. R. Civ. P. 50(a)(2). "Judgment as a matter of law is only appropriate if, viewing the evidence in the light most favorable to the non-moving party, the court concludes that 'a reasonable trier of fact could draw only one conclusion from the evidence.'" Corti v. Storage Tech. Corp., 304 F.3d 336, 341 (4th

Cir. 2002) (quoting Brown v. CSX Transp., Inc., 18 F.3d 245, 248 (4th Cir. 1994)). "[I]f the nonmoving party [has] failed to make a showing on an essential element of his case with respect to which he had the burden of proof[,]" JMOL should be granted. Wheatley v. Wicomico Cnty., 390 F.3d 328, 332 (4th Cir. 2004) (internal quotation marks omitted) (quoting Singer v. Dungan, 45 F.3d 823, 827 (4th Cir. 1995)).

### III. ANALYSIS

"Willful infringement is a question of fact." Bayer Healthcare LLC v. Baxalta Inc., 989 F.3d 964, 987 (Fed. Cir. 2021) (citation omitted). "To establish willfulness, the patentee must show the accused infringer had a specific intent to infringe at the time of the challenged conduct." Id. (citing Halo Elecs., Inc. v. Pulse Elecs., Inc., 579 U.S. 93, 136 S. Ct. 1923, 1933 (2016)). "As the Supreme Court stated in Halo, '[t]he sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or – indeed – characteristic of a pirate.'" Id. (quoting Halo Elecs., 136 S. Ct. at 1932). However, "[t]he concept of 'willfulness' requires a jury to find no more than deliberate or intentional infringement." Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc., 946 F.3d 1367, 1378 (Fed. Cir. 2020) (citation omitted).

-4-

Willful infringement requires that the defendant (1) know of the Asserted Patents; and (2) know that the defendant's actions constitute infringement. See Bench Walk Lighting LLC v. LG Innotek Co., Civil Action No. 20-0051-RGA, 2021 WL 1226427, at *15 (D. Del. March 31, 2021).

In Bayer Healthcare LLC v. Baxalta Inc., the Federal Circuit upheld the district court's grant of JMOL of no willful infringement. 989 F.3d at 987. During trial, the district court concluded that the plaintiff failed to present sufficient evidence of the "state of mind" necessary for a finding of willfulness. Id. According to the district court, there was no dispute that the defendant was aware of the patent-at-issue and that the plaintiff assumed that the defendant knew the accused product infringed because it involved a similar item as the patent-at-issue. Id. ("Bayer merely 'assume[d] that [Baxalta] knew [the accused product] infringed because it involved pegylation at the B-domain of factor VIII.'"). However, the district court concluded that this was not enough for a reasonable juror to find that infringement was "either known or so obvious it should have been known." Id. (quoting Halo Elecs., 136 S. Ct. at 1930).

On appeal, the plaintiff, Bayer, identified evidence that purportedly satisfied the state of mind requirement for

willfulness. Id. Bayer presented the following testimony: testimony of the defendant's witnesses concerning their awareness of the patent application that issued the patent-at-issue; and evidence that the defendant found out about the plaintiff's work that underpinned the patent-at-issue and resolved a previous failure of the defendant's product, and that the defendant then consciously switched to using the same ingredient as in the plaintiff's product in the accused product. Id. at 987-88. The Federal Circuit found that even accepting the plaintiff's evidence as true and weighing all inferences in favor of the plaintiff, the record was insufficient to establish that the defendant's conduct rose to the level of bad-faith behavior required for a finding of willful infringement. Id. at 988. The Federal Circuit characterized the evidence as merely demonstrating the defendant's knowledge of the patent-at-issue and direct infringement of the asserted claims. Id. Therefore, the Federal Circuit concluded "[k]nowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness. Rather, willfulness requires deliberate or intentional infringement." Id. (citing Eko Brands, LLC, 946 F.3d at 1378).

This court finds that the evidence presented by Plaintiff does not demonstrate as a matter of law that Cree willfully

infringed the Asserted Patents. Plaintiff offered some evidence that Defendant infringed the Asserted Patents through the testimony of Mr. McCreary. But Plaintiff offered no evidence that anyone at Cree was aware of the Asserted Patents at the time of the creation of the accused products. Plaintiff argues that knowledge of a parent patent is evidence of knowledge of the Asserted Patents. (Doc. 330 at 6.) The evidence from Mr. Dry's testimony is that he likely mentioned he had received a patent for the technology in the BL-800, but he would not have mentioned the name or number of the patent. The '536 Patent, which is the parent patent to the Asserted Patents, is the patent Mr. Dry received shortly before Blue 2003.

Even assuming that the limited evidence of Cree's knowledge of the '536 Patent is sufficient to demonstrate knowledge of the Asserted Patents, Plaintiff presented no evidence that Cree's accused products were created by deliberate or reckless infringement as opposed to innocent independent development. For example, Plaintiff offered no evidence that Defendant's internal documents bear similarities to the Asserted Patents and Plaintiff's internal documents. See Simo Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd., 396 F. Supp. 3d 323, 334 (S.D.N.Y. 2019) (finding the jury's finding of willfulness was supported by sufficient evidence where the defendant was at

least familiar with the parent patent, the defendant's internal documents were similar to the asserted patent and the plaintiff's internal documents, and one of the defendant's employees was hired from the plaintiff and took several of the plaintiff's confidential files with him). Nor did Plaintiff offer evidence of any prior disputes over the Asserted Patents or licenses between OptoLum and Cree. See Mondis Tech. Ltd. v. LG Elecs., Inc., 407 F. Supp. 3d 482, 502 (D.N.J. 2019), appeal dismissed, 6 F.4th 1379 (2021) (denying JMOL on no willfulness where "the parties had been litigating and negotiating licenses regarding the [asserted] patents" and the parties had entered settlement agreements regarding the defendant's infringement of other patents owned by the plaintiff"). Similarly, Plaintiff offered no evidence of any statement of Cree that it planned to copy the Asserted Patents. See Tinnus Enters., LLC v. Telebrands Corp., 369 F. Supp. 3d 704, 731 (E.D. Tex. 2019) (denying JMOL as to willfulness because "the jury heard sufficient evidence of [the defendant's] willful infringement, including emails between [the defendant's] employees and an outside consultant describing how [the defendant] planned to copy Plaintiff's product"). Nor did Plaintiff offer evidence of prior business dealings between Cree and OptoLum to support an inference that Cree should have believed it required a license from OptoLum. See Georgetown Rail

Equip. Co. v. Holland L.P., 867 F.3d 1229, 1245 (Fed. Cir. 2017) (upholding the district court's finding that substantial evidence supported the jury verdict where the jury heard evidence of the defendant's awareness of the patent-at-issue, and evidence of the parties' prior business dealings could reasonably lead the defendant to believe it needed to obtain a license from the plaintiff to avoid infringement). In sum, Plaintiff offered no evidence of prior business dealings or circumstantial evidence of Cree copying the technology in the Asserted Patents. See KAIST IP US LLC v. Samsung Elecs. Co., 439 F. Supp. 3d 860, 884 (E.D. Tex.), appeal dismissed, 2020 WL 9175080 (Fed. Cir. Sept. 3, 2020) (denying JMOL on willfulness where the plaintiff presented evidence that the defendant was aware of the patent-at-issue, and that the parties had prior business dealings from which the jury could infer that the defendant should have believed it needed a license).

Plaintiff relies in part on Cree's incentive to develop a product for purposes of profitability and brand development, coupled with Mr. York's testimony that the only technology that enabled the Cree bulb, as evidence that requires a jury determination of willfulness. (Doc. 330 at 8.) This court disagrees. First, while financial gain might provide a motive, it does not support an inference of willful infringement. This

court declines to find that motive to profit, standing alone, provides a reasonable inference of willful infringement. Second, Mr. York's testimony that OptoLum's invention is the only technology which enabled the success of the accused product, while evidence of infringement, is not sufficient to create an issue of fact for <u>willful</u> infringement. Although circumstantial evidence can, and often is, necessary to establish knowledge and intent, those circumstances must be sufficient to establish Cree's state of mind as to a willful or deliberate infringement of either the '303 or the '028 Patents at the time of the challenged conduct. <u>See</u> <u>Halo Elecs.</u>, 136 S. Ct. at 1933 (citations omitted) ("[C]ulpability is generally measured against the knowledge of the actor at the time of the challenged conduct."); <u>see also</u> <u>Bayer Healthcare</u>, 989 F.3d at 988 (holding that evidence knowledge of the patents-at-issue and evidence the defendant infringed is sufficient but not necessary to establishing willful infringement). Taking the evidence in the light most favorable to Plaintiff, although Plaintiff may have established Cree knew of the Asserted Patents and that Cree infringed the Asserted Patents, Plaintiff cannot point to any evidence that supports a finding of willfulness. Neither Cree wanting to be first to market nor Cree wanting to build its brand from the success of the accused products is evidence of

-10-

bad-faith behavior. Accordingly, this court will grant Defendant's JMOL as to willful infringement.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment as a Matter of Law under Federal Rule of Civil Procedure 50(a) Regarding Lack of Willfulness, (Doc. 323), is **GRANTED**.

This the 24th day of November, 2021.

_____
United States District Judge