IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
OPTOLUM, INC.                    )
                                 )
         Plaintiff,              )
                                 )
     v.                          )      1:17CV687
                                 )
CREE, INC.,                      )
                                 )
         Defendant.              )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Before this court is a Motion for Attorneys' Fees filed by Defendant Cree, Inc. (Doc. 368.) For the reasons that follow, this court will deny Defendant's motion.

## I. BACKGROUND

After a jury returned a verdict in favor of Defendant, (see Docs. 342, 367), Defendant moved for attorneys' fees, (Doc. 368), and filed a brief in support, (Def.'s Br. in Supp. of its Mot. for Attorneys' Fees ("Def.'s Br.") (Doc. 369)). Plaintiff OptoLum, Inc. responded in opposition, (Pl.'s Opp'n to Def.'s Mot. for Attorneys' Fees ("Pl.'s Br.") (Doc. 373)), and Defendant replied, (Doc. 374).

Defendant argues that this is an exceptional case warranting attorneys' fees because Plaintiff "pursued legal

theories regarding brand value and willfulness having no basis in law or fact." (Def.'s Br. (Doc. 369) at 3.)

## II. STANDARD OF REVIEW

Under the Patent Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating positions (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014). The Supreme Court in Octane Fitness overruled the Federal Circuit's previous test for when to award attorneys' fees, which required finding "that the litigation was both 'brought in subjective bad faith' and 'objectively baseless'" because that test was "overly rigid." Id. (quoting Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005)). The Octane Fitness court explained that "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." Id. at 555 (emphasis added).

"[A] 'nonexclusive list' of 'factors'" a court could consider in determining whether to award fees "includ[es]

'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. at 554 n.6 (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994)). "There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations . . . identified." Fogerty, 510 U.S. at 534 (internal quotation marks omitted) (quoting Hensley v. Eckerhart, 461 U.S. 424, 436–37 (1983)). The prevailing party must establish entitlement to attorneys' fees by a preponderance of the evidence. Octane Fitness, 572 U.S. at 557–58.

### III. **ANALYSIS**

Neither party disputes that Defendant is the prevailing party in this case. (Compare Def.'s Br. (Doc. 369) at 15, with Pl.'s Br. (Doc. 373) at 1.) What the parties do dispute is whether this is an "exceptional case[]" such that this court should award Defendant "reasonable attorney fees." § 285.

"[A] central aim of § 285 . . . is to prevent an alleged infringer from suffering a 'gross injustice.'" Kilopass Tech., Inc. v. Sidense Corp., 738 F.3d 1302, 1313 (Fed. Cir. 2013). The aim is not to punish a plaintiff for bringing claims, but "to

compensate a defendant for attorneys' fees it should not have been forced to incur." Id.

Defendant argues Plaintiff asserted objectively unreasonable theories related to brand value and willfulness. (Def.'s Br. (Doc. 369) at 16.) Regarding brand value, Defendant argues Plaintiff's brand value allegations "were based on . . . assertions that Cree misled consumers and thus misappropriated reputation or brand value that otherwise belonged to OptoLum," and "[t]hose claims were dismissed as a matter of law." (Id.) Essentially, Defendant argues Plaintiff's brand value allegations were tied to Plaintiff's Lanham Act and unjust enrichment claims which were dismissed at the motion to dismiss stage, so Plaintiff should not have continued to pursue damages for brand value after those claims were dismissed. (Id. at 5.) Defendant points to this court striking portions of Plaintiff's expert report concerning an additional five percent royalty for brand value as further evidence of the unreasonableness of Plaintiff's claim. (Id. at 6-9.) Regarding willfulness, Defendant argues Plaintiff unreasonably maintained its willful infringement claim "[d]espite lacking any basis to support willful infringement." (Id. at 18.) According to Defendant, because the only evidence offered that could potentially suggest willful infringement was testimony that the inventor of

- 4 -

Plaintiff's asserted patents may have mentioned he had a patent to one of Cree's founders, it was unreasonable for Plaintiff to pursue a willful infringement claim. (Id. at 12.)

Plaintiff, on the other hand, contends its introduction of brand value evidence and willfulness evidence was not unreasonable. (Pl.'s Br. (Doc. 373) at 10–14.) Regarding brand value, Plaintiff argues that the Lanham Act and unjust enrichment claims were related to allegations of "false statements in Cree's advertising campaigns," whereas the "evidence concerning Cree's desire to use the accused products to build its brand and the effect of that strategy on Cree's state of mind" were related to the hypothetical negotiation analysis conducted to determine a reasonable royalty. (Id. at 10–11.) Regarding willfulness, Plaintiff argues the fact that Defendant did not move to dismiss or for summary judgment on Plaintiff's willful infringement claim supports Plaintiff's argument that its claim was not unreasonable. (Id. at 13.)

A.  **Brand Value**

Plaintiff's First Amended Complaint brought a claim for a violation of Section 43(a) of the Lanham Act for false advertising and an unjust enrichment claim. (Compl. (Doc. 32) ¶¶ 171–97.) Those claims were dismissed at the motion to dismiss stage. (Doc. 49 at 9, 13.) Plaintiff maintained, including

- 5 -

during trial, that under a reasonable royalty analysis, it was entitled to damages for the alleged increase in value to Defendant's brand value due to its use of Plaintiff's patents. (See, e.g., Doc. 377 at 207–13.)

Upon a showing of infringement, a patentee is entitled to "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer." 35 U.S.C. § 284. "A 'reasonable royalty' derives from a hypothetical negotiation between the patentee and the infringer when the infringement began. A comprehensive . . . list of relevant factors for a reasonable royalty calculation appears in Georgia-Pacific Corp. v. United States Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970)." ResQNet.com, Inc. v. Lansa, Inc., 594 F.3d 860, 868–69 (Fed. Cir. 2010).

In considering Georgia-Pacific factor eleven, the extent to which the infringer has made use of the invention and any evidence probative of the value of that use, Plaintiff's damages expert, William Scally, opined that the technology enabled Cree to build its brand, which would have put increased pressure on the hypothetically negotiated royalty rate. (See Doc. 299 at 61–62.) He concluded that a five percent rate represented the

increased value of the Asserted Patents on building Cree's brand. (Id. at 62.)

This court granted Cree's motion to exclude as to that portion of Scally's opinion. (See Doc. 315 at 2.) This court found that Scally had not sufficiently tied his methodology to the facts of this case to be able to testify about incremental value to a reasonable royalty. (See id.) Although this court did exclude that portion of Scally's opinion, brand value remained relevant to other Georgia-Pacific factors, and according to Scally, brand value reflected Defendant's frame of mind regarding what royalty rate they would have paid to use the Asserted Patents. (E.g., Doc. 378 at 60.)

That this court excluded a portion of Plaintiff's damages expert's opinion does not mean Defendant is entitled to attorneys' fees. "[A] finding of exceptionality requires more than the mere fact that a party's arguments were unsuccessful; that this Court ruled against the plaintiffs on [portions of their expert's opinion] . . . is not sufficient by itself to merit an award of attorney's fees." Duke Univ. v. Sandoz, Inc., 1:14-CV-1034, 2016 WL 11540567, at *1 (M.D.N.C. Feb. 10, 2016) (citing Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc., 790 F.3d 1369, 1373 (Fed. Cir. 2015) ("[F]ees are not awarded solely because one party's position did not prevail.")); Raylon,

- 7 -

LLC v. Complus Data Innovations, Inc., 700 F.3d 1361, 1368 (Fed. Cir. 2012) ("Reasonable minds can differ as to claim construction positions and losing constructions can nevertheless be nonfrivolous.").

Here, Plaintiff did not litigate its incremental brand value theory in an unreasonable or vexatious manner. See SFA Sys., LLC v. Newegg Inc., 793 F.3d 1344, 1349 (Fed. Cir. 2015) ("[U]nder Octane Fitness, the district court must consider whether the case was litigated in an unreasonable manner as part of its exceptional case determination, and . . . district courts can turn to our pre-Octane Fitness case law for guidance."). Nor did Plaintiff engage in misconduct or misrepresentations to any degree sufficient to find this case exceptional. Cf. MarcTec, LLC v. Johnson & Johnson, 664 F.3d 907, 919-20 (Fed. Cir. 2012) ("MarcTec engaged in litigation misconduct when it: (1) misrepresented both the law of claim construction and the constructions ultimately adopted by the court; and (2) introduced and relied on expert testimony that failed to meet even minimal standards of reliability, thereby prolonging the litigation and the expenses attendant thereto."). Finally, while Plaintiff's incremental brand value theory was weak, it was not frivolous. See Octane Fitness, 572 U.S. at 554 n.6; see also GoDaddy.com LLC v. RPost Commc'ns Ltd., No. CV-14-00126-

- 8 -

PHX-JAT, 2016 WL 4569122, at *8 (D. Az. Sept. 1, 2016) (finding the exclusion of a damages expert's "report falls within the realm of 'most cases' that do not 'trigger a finding of litigation misconduct'" (quoting MarcTec, 664 F.3d at 920)). Had Scally tied a five percent "increase in brand value" to the relevant facts and data, his opinion on Georgia-Pacific factor eleven very well may not have been excluded.

Additionally, this court notes that it is not exceptional for portions of an expert's report to be excluded. In fact, portions of Defendant's infringement expert's opinion were also excluded. (See Doc. 315 at 4-10.) Thus, the fact that portions of Plaintiff's expert's opinion were excluded does not "stand[] out from other[]" cases because Defendant faced the same issue. See Octane Fitness, 572 U.S. at 554.

Finally, contrary to Defendant's contention that brand value was related to Plaintiff's Lanham Act and unjust enrichment claims, this court finds, for the reasons discussed above, that even if brand value was relevant to those claims, it was also relevant to Plaintiff's damages theory of a reasonable royalty.

The totality of circumstances does not reflect Defendant suffered "a 'gross injustice.'" Kilopass Tech., 738 F.3d at 1313. This court is not satisfied by a preponderance of the

evidence that Plaintiff's conduct regarding incremental brand value was exceptional. Defendant's motion for attorneys' fees will be denied as to brand value.

**B.  Willful Infringement**

Plaintiff's willful infringement claim was dismissed at the close of Plaintiff's case-in-chief. (See Oral Order 11/03/2021; Doc. 323.) Defendant argues that "[d]espite wielding its assertion of willful infringement as a basis for extensive discovery and trial testimony, OptoLum never articulated any facts that would even remotely rise to willful infringement under the law." (Def.'s Br. (Doc. 369) at 17–18.)

"Willful infringement is a question of fact." Bayer Healthcare LLC v. Baxalta Inc., 989 F.3d 964, 987 (Fed. Cir. 2021). "To establish willfulness, the patentee must show the accused infringer had a specific intent to infringe at the time of the challenged conduct." Id. (citing Halo Elecs., Inc. v. Pulse Elecs., Inc., 579 U.S. 93 (2016)). "As the Supreme Court stated in Halo, '[t]he sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate.'" Id. (quoting Halo Elecs., 579 U.S. at 103–04). However, "the concept of 'willfulness' requires a jury to find no more than deliberate or

- 10 -

Case 1:17-cv-00687-WO-JLW   Document 384   Filed 08/19/22   Page 10 of 13

intentional infringement." Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc., 946 F.3d 1367, 1378 (Fed. Cir. 2020). In short, willful infringement requires that the defendant (1) know of the asserted patents; and (2) know that the defendant's actions constitute infringement. See Bench Walk Lighting LLC v. LG Innotek Co., 530 F. Supp. 3d 468, 491 (D. Del. 2021).

This court finds Plaintiff was motivated by a genuine belief that Defendant had knowledge of the Asserted Patents. This is evidenced by testimony from OptoLum's founder, Joel Dry, who testified that he had spoken at a conference that Cree executives attended, but when pressed on cross-examination, was not certain he would have mentioned the Asserted Patents by name such that Cree would have had notice. (See Doc. 375 at 55–58, 116.) Although this court found, in granting Defendant's motion for judgment as a matter of law on willful infringement, that OptoLum presented no evidence that anyone at Cree was aware of the asserted patents at the time of the creation of the accused products, (see Doc. 345 at 7), that does not negate Plaintiff's good faith belief it did have some evidence.

Moreover, the cases cited by Defendant do not persuade this court that Plaintiff acted objectively unreasonable in pursuing willful infringement at trial. In Finjan, Inc. v. Juniper Network, Inc., the plaintiff continued pursuing claims that were

- 11 -

Case 1:17-cv-00687-WO-JLW   Document 384   Filed 08/19/22   Page 11 of 13

unwinnable after claim construction and summary judgment. See No. C 17-05659 WHA, 2021 WL 75735, at *2 (N.D. Cal. Jan. 9, 2021) (reasoning that "Finjan should have dropped the '780 patent after that first round patent showdown, which granted Juniper summary judgment of noninfringement on claim 1 on the construction of the phrase 'performing a hashing function[,]' [but] [u]ndeterred, Finjan kept the 'substantially overlap[ping]' claim 9, which included the same 'performing a hashing function' limitation"). Unlike in Finjan, where the plaintiff had an adverse ruling on a substantially identical issue already litigated to guide its litigation strategy, no such adverse ruling existed regarding willful infringement. As pointed out by Plaintiff, Defendant never moved to dismiss or for summary judgment on Plaintiff's willful infringement claim.

The other case cited by Defendant is equally unpersuasive. In that case, the court found the plaintiff had engaged in litigation misconduct during the trial. See Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersystems Gmbh, Civil Action No. 98-cv-01072-RPM, 2008 WL 410413, at *6 (D. Col. Feb. 12, 2008). This court has made no such finding regarding Plaintiff's conduct at trial. Even assuming, as Defendant argues, that Plaintiff had an obligation to continually reevaluate the merits of its claim during the course of this

litigation, this court cannot find that Plaintiff had any notice from this court's prior rulings that Plaintiff had no basis in law or in fact to pursue its willful infringement claim. Therefore, this court will deny Defendant's motion for attorneys' fees as to willful infringement.

In conclusion, Defendant has failed to show by a preponderance of the evidence that Plaintiff's theories on brand value and willful infringement were frivolous or objectively unreasonable. Therefore, this court will deny Defendant's motion for attorneys' fees.

### IV. CONCLUSION

For the foregoing reasons, this court will deny Defendant's Motion for Attorneys' Fees, (Doc. 368).

**IT IS THEREFORE ORDERED** that Defendant's Motion for Attorneys' Fees, (Doc. 368), is **DENIED**.

This the 19th day of August, 2022.

_____
United States District Judge